DECISION AND JUDGMENT ENTRY
{¶ 1} These consolidated cases are before the court on appeal from judgments of conviction and sentence entered by the Lucas County Court of Common Pleas after defendant-appellant, Lonnie Scurles, entered pleas of guilty pursuant to North Carolina v. Alford (1970), 400 U.S. 25, to one count of robbery in case No. CR 2005-2734, and one count of involuntary manslaughter, two counts of aggravated robbery, and one count of felonious assault in case No CR 2005-3345. *Page 2 
 {¶ 2} Appellant's appointed counsel has submitted a request to withdraw as counsel pursuant to Anders v. California (1967),386 U.S. 738. Counsel for appellant asserts that he has thoroughly and conscientiously reviewed the record and can find no non-frivolous issues upon which an appeal can be predicated. Counsel for appellant has, however, consistent with Anders, asserted one potential assignment of error: "Whether the trial court's imposing consecutive sentences was an abuse of discretion, as the imposition of consecutive sentences was not expressly part of the parties' agreement and/or recommendation."
 {¶ 3} Anders, supra, and State v. Duncan (1978), 57 Ohio App.2d 93, set forth the procedure to be followed by appointed counsel who desires to withdraw for want of a meritorious, appealable issue. In Anders, supra at 744, the United States Supreme Court held that if counsel, after a conscientious examination of the case, determines it to be wholly frivolous he should so advise the court and request permission to withdraw. This request, however, must be accompanied by a brief identifying anything in the record that could arguably support the appeal. Id. Counsel must also furnish his client with a copy of the brief and request to withdraw and allow the client sufficient time to raise any matters that he chooses. Id. Once these requirements have been satisfied, the appellate court must then conduct a full examination of the proceedings held below to determine if the appeal is indeed frivolous. If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without *Page 3 
violating constitutional requirements or may proceed to a decision on the merits if state law so requires. Id.
 {¶ 4} In the case before us, appointed counsel for appellant has satisfied the requirements set forth in Anders. This court further notes that appellant has not filed a pro se brief or otherwise responded to counsel's request to withdraw. Accordingly, this court shall proceed with an examination of the potential assignment of error set forth by counsel for appellant and of the entire record below to determine if this appeal lacks merit and is, therefore, wholly frivolous.
 {¶ 5} On August 16, 2005, appellant was indicted and charged with one count of robbery in violation of R.C. 2911.02(A)(3), a third degree felony, and one count of theft from an elderly person in violation of R.C. 2913.02(A)(1) and (B)(3), a fourth degree felony (case No. CR 2005-2734). Appellant was later released on a supervised OR bond. Subsequently, his bond was revoked and appellant was indicted and charged with two counts of robbery in violation of R.C. 2911.02(A)(2), second degree felonies, one count of murder in violation of R.C.2903.02(B) and 2929.02, two counts of aggravated robbery in violation of R.C. 2911.01(A)(3), first degree felonies, and one count of felonious assault in violation of R.C. 2903.11(A)(1), a second degree felony (case No. CR 2005-3345). A repeat violent offender specification was attached to each count of that indictment.
 {¶ 6} On September 20, 2006, in open court, appellant withdrew his previous not guilty pleas and entered pleas of guilty pursuant toNorth Carolina v. Alford, supra, to *Page 4 
one count of robbery, a third degree felony, in case No. CR 2005-2734, and, in case No. CR 2005-3345, to an amended count of involuntary manslaughter, a first degree felony, two counts of aggravated robbery, both first degree felonies, and one count of felonious assault, a second degree felony. In presenting the plea agreement to the court, the parties stated that they had also agreed to a prison sentence of 20 years. The trial court accepted appellant's plea, found appellant guilty of the stated offenses and proceeded to sentence him as follows: nine years on the involuntary manslaughter conviction, nine years on one aggravated robbery conviction, with those two terms running concurrently; eight years on the second aggravated robbery conviction, seven years on the felonious assault conviction, with those two terms running concurrently, but consecutively to the nine year terms; and three years on the robbery conviction in case No. CR 2005-2734, with that term running consecutively to the terms imposed in case No. CR 2005-3345. Accordingly, the aggregate sentence imposed by the trial court was 20 years, the term agreed to by appellant and the state.
 {¶ 7} Appellant questions the legality of his consecutive sentences where the imposition of consecutive sentences was not expressly part of the parties' agreement.
 {¶ 8} R.C. 2953.08(D) provides: "A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge." Thus, under this statute, an appellate court has a limited ability to review agreed upon/jointly recommended sentences. State v. Spurling, 1st Dist. No. C-60087, *Page 5 2007-Ohio-858, ¶ 15. A sentence is authorized by law when it is within the statutory range of available sentences. State v. Baker, 6th Dist. No. WD-05-033, 2006-Ohio-3611, ¶ 5. As a result, R.C. 2953.08(D) precludes an appellate court from engaging in a review of any agreed sentence so long as it is within the statutory range. State v.Eskridge, 6th Dist. No. L-06-1013, 2007-Ohio-4712, ¶ 15.
 {¶ 9} Appellant's sentences for three first degree felony offenses, a second degree felony offense and a third degree felony offense were all within the statutory ranges. See R.C. 2929.14(A). Moreover, appellant agreed to serve 20 years in prison for the crimes he committed. Accordingly, we find no merit in appellant's proposed assignment of error and find it not well-taken.
 {¶ 10} Upon our own independent review of the record, we find no other grounds for a meritorious appeal. This appeal is therefore found to be without merit and is wholly frivolous. Appellant's counsel's motion to withdraw is found well-taken and is hereby granted. The judgments of the Lucas County Court of Common Pleas are affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
 JUDGMENTS AFFIRMED. *Page 6 
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Mark L. Pietrykowski, P.J., Arlene Singer, J., Thomas J. Osowik, J., CONCUR. *Page 1