[Cite as *State v. Alexander*, 2017-Ohio-4196.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | No. 16AP-761 |
| v. | : | (C.P.C. No. 16CR-2947) |
| Leon M. Alexander, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on June 8, 2017

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Sheryl L. Prichard*, for appellee.

**On brief:** *The Law Office of Thomas F. Hayes*, *LLC*, and *Thomas F. Hayes*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

SADLER, J.

{¶ 1} Defendant-appellant, Leon M. Alexander, appeals from the judgment entry of the Franklin County Court of Common Pleas finding appellant guilty of aggravated burglary with a repeat violent offender ("RVO") specification, attempted kidnapping with a sexual motivation specification, possessing criminal tools, aggravated robbery, and felonious assault and sentencing him to a total of 21 years incarceration. For the following reasons, we affirm the judgment of the trial court.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On October 3, 2016, appellant entered a plea of guilty to one count of aggravated burglary, in violation of R.C. 2911.11, with an RVO specification pursuant to R.C. 2941.149(A), a first-degree felony, one count of attempted kidnapping, in violation of

R.C. 2923.02, as it relates to R.C. 2905.01, with sexual motivation specification pursuant to R.C. 2941.147(A), a second-degree felony, one count of possessing criminal tools, in violation of R.C. 2923.24, a fifth-degree felony, one count of aggravated robbery, in violation of R.C. 2911.01, a first-degree felony, and one count of felonious assault, in violation of R.C. 2903.11, a second-degree felony. The trial court accepted appellant's plea, ordered a nolle prosequi on the remaining attempted rape count and several additional specifications, and ordered a pre-sentencing investigation ("PSI") report.

{¶ 3} On October 27, 2017, the trial court held a sentencing hearing. During the hearing, the prosecution asked for consecutive sentences and noted both that the victim in this case was an 89-year-old woman and that appellant held a criminal record of serious offenses. The victim addressed the court, stating that appellant invaded her home at 4:00 a.m. in the morning, wrapped a clothes line around her hands and throat, and when she said she did not have any money, beat her, took her clothes off, removed his own clothes, got a box knife from her kitchen, and told her he was going to rape her and cut her throat. The police, responding to a neighbor's call, apprehended appellant. The victim stated that as a result of the crimes, she was hospitalized, required nursing care and physical therapy, is still learning to walk again, and endures pain and nightmares.

{¶ 4} The trial court discussed appellant's substantial criminal history whereby appellant "spent more than half of [his] adult lifetime victimizing several senior citizens, all female, by breaking into their homes on * * * at least three separate occasions and threatening their lives" to feed his drug habit. (Sentencing Tr. at 29.) The trial court then proceeded to sentence appellant to 11 years on the aggravated burglary count, 10 years on the associated RVO specification, 7 years on the attempted kidnapping count, 11 months on the possessing criminal tools count, 10 years on the aggravated robbery count, and 6 years on the felonious assault count. The trial court specified that the maximum sentence was being imposed on the aggravated burglary count because appellant "committed the worst form of the offense and [appellant], clearly based upon [his] record, pose[s] a great likelihood of committing future crimes." (Sentencing Tr. at 32.)

{¶ 5} After confirming with appellee that sentencing on the RVO specification was mandatory consecutive time that did not require "consecutive language" at the hearing, the trial court ran the aggravated burglary sentence consecutive to the RVO specification

sentence; defense counsel did not object. (Sentencing Tr. at 32.) The trial court ran the remaining sentences concurrently to each other and the aggravated burglary and RVO specification to arrive at an aggregate sentence of 21 years incarceration. The judgment entry memorializing the sentence states that the trial court considered the purposes and principles of sentencing set forth in R.C. 2929.11, the factors set forth in R.C. 2929.12, and weighed the applicable provisions of R.C. 2929.13 and 2929.14. Appellant filed a timely appeal to this court.

## II.  ASSIGNMENT OF ERROR

{¶ 6}   Appellant presents one assignment of error:

> The trial court erred to the prejudice of Appellant by improperly ordering him to serve consecutive sentences that contravene Ohio's sentencing statutes and principles and violate his due process rights.

## III.  DISCUSSION

{¶ 7}   Under his only assignment of error, appellant challenges the trial court's imposition of consecutive sentences for the aggravated burglary count and the RVO specification. For the following reasons, we disagree.

{¶ 8}   Because appellant did not object to the imposition of consecutive sentences at his sentencing hearing, he has waived all but plain error. *State v. Dennison*, 10th Dist. No. 14AP-486, 2015-Ohio-1135, ¶ 16, citing *State v. Ayers*, 10th Dist. No. 13AP-371, 2014-Ohio-276, ¶ 7; *State v. Jackson*, 7th Dist. No. 12 MA 199, 2014-Ohio-777, ¶ 14. Under Crim.R. 52(B), plain errors or defects affecting substantial rights may be noticed even though they were not brought to the attention of the court. "The burden of demonstrating plain error is on the party asserting it." *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, ¶ 17.

{¶ 9}   "Under Ohio law, absent an order requiring sentences to be served consecutively, terms of incarceration are to be served concurrently." *State v. Sergent*, 148 Ohio St.3d 94, 2016-Ohio-2696, ¶ 16, citing R.C. 2929.41(A). However, imposition of consecutive sentences is mandatory in certain circumstances. *Id.* If consecutive sentences are not mandatory, "trial judges have discretion to order * * * multiple sentences to be served consecutively pursuant to R.C. 2929.14(C)(4)." *Id. See, e.g., State*

*v. Harris*, 10th Dist. No. 15AP-683, 2016-Ohio-3424, ¶ 44-57, *appeal denied*, 147 Ohio St.3d 1505, 2017-Ohio-261. "[I]f the trial judge exercises his or her discretion to impose consecutive sentences, he or she must make the consecutive-sentence findings set out in R.C. 2929.14(C)(4), and those findings must be made at the sentencing hearing." *Sergent* at ¶ 17, citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶ 23.

{¶ 10} A guilty plea or conviction on an RVO specification may trigger mandatory consecutive sentences under Ohio law. R.C. 2929.14(B)(2). Under R.C. 2929.14(B)(2)(a), where the trial court imposes the maximum possible prison term for an underlying felony offense of violence and the offender is convicted of or pleads guilty to an RVO specification, pursuant to R.C. 2941.149, the trial court has discretion to impose an additional definite prison term of one to ten years.[1] *Harris* at ¶ 46. As stated in *Harris*, "[a]lthough imposition of the additional prison term is discretionary, if the trial court chooses to impose the additional term under R.C. 2929.14(B)(2)(a), the sentencing statute requires the additional term to be served 'consecutively to and prior to the prison term imposed for the underlying offense.' " *Id.*, citing R.C. 2929.14(B)(2)(d) and *State v. Whitaker*, 12th Dist. No. CA2012-10-013, 2013-Ohio-4434, ¶ 17. Because the consecutive sentences are mandatory, the trial court is not obligated to make the findings to support discretionary consecutive sentences under R.C. 2929.14(C) and *Bonnell*. *Harris* at ¶ 46-47; *Sergent* at ¶ 16-17, 30.

{¶ 11} Pursuant to R.C. 2929.14(A)(1), a first-degree felony, such as the aggravated burglary here, requires a definite prison term of 3 to a maximum of 11 years. In this case, the trial court sentenced appellant to 11 years on the aggravated burglary charge, the maximum possible prison term. The trial court then exercised its discretion in imposing an additional prison term on the RVO specification and indicated that consecutive sentences in this case are mandatory.

{¶ 12} Appellant does not articulate how the trial court erred in this regard. Appellant instead first argues generally that the consecutive sentences violate R.C. 2929.14 in that the trial court failed to evaluate the proportionality of appellant's case to similarly situated individuals. Appellant does not cite to which section of R.C. 2929.14 he

---

[1] *See also* R.C. 2929.14(B)(2)(b) (describing circumstances where a maximum prison term on the underlying offense and additional prison term are mandatory).

believes was violated. To the extent appellant references proportionality in consecutive sentencing under R.C. 2929.14(C)(4), he states the incorrect analysis under that section. *State v. Dennison*, 10th Dist. No. 15AP-592, 2016-Ohio-8361, ¶ 20, 28, citing R.C. 2929.14(C)(4) (discussing that for the proportionality analysis under R.C. 2929.14(C)(4), the trial court does not have to find that the sentence is consistent with similarly situated offenders but, rather, must determine whether consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public). Regardless of the proper analysis, as stated above, R.C. 2929.14(C)(4) addresses discretionary consecutive sentences and is therefore inapplicable to this case.

{¶ 13} Furthermore, to the extent appellant's argument implicitly raises R.C. 2929.11(B), which provides that a sentence imposed for a felony must be consistent with sentences imposed for similar crimes committed by similar offenders, the trial court stated in its judgment entry that it considered R.C. 2929.11. "Such a notation in the trial court's sentencing entry is sufficient to satisfy the consistency requirement in R.C. 2929.11(B)." *State v. Hayes*, 10th Dist. No. 08AP-233, 2009-Ohio-1100, ¶ 11. Moreover, appellant provides no argument as to R.C. 2929.11(B), let alone how his consecutive sentences here violate that section. As such, appellant has not met his burden of demonstrating error on appeal. *Watkins v. Holderman*, 10th Dist. No. 11AP-491, 2012-Ohio-1707, ¶ 11; App.R. 16(A)(7); *State v. Smith*, 9th Dist. No. 15AP0001, 2017-Ohio-359, ¶ 22 (discussing that it is not an appellate court's duty to create an argument on the appellant's behalf). Therefore, we find appellant's argument regarding consistency and proportionality in relation to his consecutive sentence to lack merit.

{¶ 14} Appellant next argues that the trial court erred in imposing consecutive sentences in this case because it is not the minimum sanction to accomplish the purpose of protecting the public and punishing the offender pursuant to R.C. 2929.11(A). Specifically, appellant argues that the trial court failed to give meaningful consideration to the mitigating factors in the PSI, appellant's apology and feeling of remorse, and his history of drug abuse and lack of opportunity to receive rehabilitation he needs and requests. Further, appellant asserts that the trial court failed to demonstrate that

appellant posed a threat to the public and was so likely to recommit an offense that a 21-year sentence was the minimum amount that would ensure the purposes of R.C. 2929.11.

{¶ 15} In addition to disagreeing with the merits of appellant's argument as against the record, we again find that appellant has not met his burden in proving an error in regard to R.C. 2929.11(A) as it relates to his consecutive sentences. As stated previously, the trial court ordered mandatory consecutive sentences for the aggravated burglary and RVO specification, which is supported by R.C. 2929.14(B)(2)(d). As such, the trial court did not violate R.C. 2929.11(A) in imposing consecutive sentences in this case. Moreover, any argument that the trial court should have imposed less than the maximum sentence on either the aggravated burglary or the RVO specification does not support sustaining the assignment of error, which only challenges running those sentences consecutively. *Huntington Natl. Bank v. Burda*, 10th Dist. No. 08AP-658, 2009-Ohio-1752, ¶ 21, citing App.R. 12(A)(1)(b); *Williams v. Barrick*, 10th Dist. No. 08AP-133, 2008-Ohio-4592, ¶ 28. Considering all the above, appellant has not demonstrated that the trial court erred, let alone committed plain error, in ordering him to serve consecutive sentences for the aggravated burglary and RVO specification.

{¶ 16} Accordingly, appellant's sole assignment of error is overruled.

## IV. CONCLUSION

{¶ 17} Having overruled appellant's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BROWN and HORTON, JJ., concur.

_____