[Cite as *State v. Ramsey*, 2017-Ohio-4398.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| NYSHAWN RAMSEY | : | Case No. 16-CA-91 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Court of Common
                                  Pleas, Case No. 15 CR 00792


JUDGMENT:                         Affirmed


DATE OF JUDGMENT:                 June 19, 2017


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

JENNA E. JOSEPH                           STEVEN P. BILLING
20 South Second Street                    P. O. Box 671
4th Floor                                 Columbus, OH  43215
Newark, OH  43055

*Wise, Earle, J.*

{¶ 1} Defendant-Appellant Nyshawn Ramsey appeals the October 10, 2016 judgment of conviction and sentence of the Court of Common Pleas of Licking County, Ohio. Plaintiff-Appellee is the state of Ohio.

FACTS AND PROCEDURAL HISTORY

{¶ 2} In September, 2015, appellant, then 17 years-old, and his co-defendant, Joshua Collins planned to invade appellant's father's home. Appellant believed they would find a large sum of cash inside.

{¶ 3} On September 20, 2015, appellant and Collins broke into the home and encountered Dezjuana Hairston. Appellant put a gun to Hairston's head and Hairston fought appellant for the weapon. Appellant shot Hairston in the chest, but Hairston still managed to get control of the gun and fire at appellant and Collins. Hairston struck Collins and appellant fled the scene. Collins later died as a result of his injuries.

{¶ 4} Following bindover proceedings in the juvenile court, the Licking County Grand Jury returned an indictment charging appellant with one count of murder in violation of R.C. 2903.02(B), an unclassified felony; attempted murder, in violation of R.C. 2923.02(A) and R.C. 2903.02(A), a felony of the first degree; and aggravated burglary, in violation of R.C. 2911.11(A)(1) and/or (2), a felony of the first degree. All three counts of the indictment included a gun specification.

{¶ 5} Following his indictment, appellant entered into plea negotiations with the state. In exchange for the state's recommendation to amend the charge of murder to involuntary manslaughter and to dismiss the charge of attempted murder and two of the firearm specifications, appellant and the state jointly agreed to a sentencing range of

between twelve and fifteen years. This agreement is outlined in a document titled "Admission of Guilt" filed with appellant's sentencing judgment entry on October 10, 2016. The document is signed by appellant, his counsel, and counsel for the state.

{¶ 6} On October 10, 2016, appellant appeared at a plea hearing before the trial court. The state set forth on the record the terms of the negotiated plea agreement, and appellant lodged no objection. The trial court then sentenced appellant to five years incarceration for involuntary manslaughter, four years for aggravated burglary, and three years for the firearm specification. The trial court ordered appellant to serve the terms consecutively for an aggregate total of twelve years incarceration. Appellant did not object to the consecutive nature of his sentences.

{¶ 7} Appellant filed an appeal, and the matter is now before this court for consideration. Appellant's sole assignment of error is as follows:

I

{¶ 8} "TRIAL COURT ABUSED ITS DISCRETION IN RUNNING THE SENTENCE FOR AGGRAVATED BURGLARY CONSECUTIVE WITH THE SENTENCE FOR INVOLUNTARY MANSLAUGHTER."

{¶ 9} In his sole assignment of error, appellant contends the trial court erred when it failed to make the appropriate findings pursuant to R.C. 2929.14 before imposing consecutive sentences. Because we find appellant's assignment of error to be barred on appeal by R.C. 2953.08(D)(1), we disagree.

JOINTLY NEGOTIATED SENTENCES

{¶ 10} A sentence imposed upon a defendant is not subject to appellate review if the sentence is authorized by law, has been recommended jointly by the defendant and

the prosecution in the case and is imposed by a sentencing judge. R.C. 2953.08(D)(1). A sentence is "authorized by law" and not subject to appeal within the meaning of R.C. 2953.08(D)(1) "only if it comports with all mandatory sentencing provisions." *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 20.

CONSECUTIVE SENTENCES

{¶ 11} Appellant argues the trial court failed to make the appropriate findings before imposing consecutive sentences. When discretionary consecutive sentences are imposed, ordinarily, R.C. 2929.14(C)(4) requires the following:

(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single

prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 12} In *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, syllabus, the Supreme Court of Ohio held: "In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings."

JOINTLY RECOMMENDED SENTENCES INCLUDING CONSECUTIVE TERMS

{¶ 13} Two years later, however, in *State v. Sergent*, 148 Ohio St.3d 94, 2016-Ohio-2696, 69 N.E.2d 627, the Ohio Supreme Court considered consecutive sentence findings in the context of jointly recommended, nonmandatory consecutive sentences. The *Sergeant* Court concluded that the consecutive sentence findings contained in R.C. 2929.14(C)(4) are not required when consecutive sentences are jointly recommended by the parties as they are therefore "authorized by law." The Court found such a sentence was not subject to review on appeal. *Sergent* ¶ 44.

APPELLANT ENTERED NEGOTIATED PLEAS AND AGREED TO A TWELVE TO

FIFTEEN YEAR SENTENCE

{¶ 14} Here, as in *Sergent*, appellant's sentence was the result of a plea agreement between himself and the state. Per agreement, appellant pled guilty to

involuntary manslaughter in violation of R.C. 2903.04(A), a felony of the first degree, aggravated burglary in violation of R.C.2911.11(A)(1), a felony of first degree, and a firearm specification in violation of R.C. 2941.145. The sentencing range for a felony of the first degree is three, four, five, six, seven, eight, nine, ten, or eleven years. R.C 2929.14(A)(1). The sentence for the firearm specification is three years, and must be served prior to and consecutive to any other sentence. R.C. 2929.14(B)(1)(a)(ii). The parties agreed to a sentencing range of "between 12 and 15 years." T at 14. The trial court imposed a sentence within the recommended time frame.

{¶ 15} While neither the written plea agreement nor the record of the plea hearing contain any mention of an agreement to consecutive sentences, a sentence of "between 12 and 15 years" could not be accomplished without consecutive sentences. Further, "[i]f the state and defendant jointly recommend a sentencing range, the defendant implicitly agrees to all definite sentencing possibilities within that range." *State v. Webster*, 8th Dist. No. 2017-Ohio-932 ¶ 5 citing *State v. Adkins-Daniels*, 8th Dist. No. 103817, 2016-Ohio-7048, ¶ 14, *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 22. Appellant therefore agreed to nonmandatory consecutive sentences.

{¶ 16} As to gun specification, the trial court was required to order appellant to serve the gun specification prior to and consecutive to any other sentence. Because the consecutive sentence for the gun specification was mandatory, the trial court was not required to state findings supporting a discretionary consecutive sentence under R.C. 2929.14(C) and *Bonnell*. *State v. Alexander*, 10th Dist. No.. 16AP-761, 2017-Ohio-4196 ¶ 10 citing State v. Harris, 10th Dist. No. 15AP-683, 2016-Ohio-3424 ¶ 46-47 and Sergeant ¶ 16-17, 30.

CONCLUSION

{¶ 17} The trial court imposed a sentence jointly recommended by the state and appellant which contained both mandatory and non-mandatory consecutive sentences. The court was not required to make findings pursuant to R.C. 2929.14(C)(4) for the non-mandatory consecutive sentences due to the jointly recommended sentence, nor for the mandatory consecutive gun specification. Appellant's sentence was therefore authorized by law pursuant to R.C. 2953.08(D)(1) and not subject to review on appeal.

{¶ 18} The assignment of error is denied. The judgment of the Licking County Court of Common Pleas is hereby affirmed.

By Wise, Earle, J.

Delaney, P.J. and

Baldwin, J. concur.

EEW/sg 605