[Cite as *State v. McKnight*, 2018-Ohio-1916.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                              :

      Plaintiff-Appellee,               :                  No. 17AP-778
                                                                        (C.P.C. No. 17CR-4131)
v.                                         :                  No. 17AP-780
                                                                        (C.P.C. No. 17CR-1565)
Shaunell D. McKnight,                      :
                                                              (REGULAR CALDENDAR)
      Defendant-Appellant.              :

---

D E C I S I O N

Rendered on May 15, 2018

---

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Sheryl L. Prichard*, for appellee.

**On brief:** *Mindy K. Yocum*, for appellant.

---

APPEALS from the Franklin County Court of Common Pleas

SADLER, J.

{¶ 1} Defendant-appellant, Shaunell D. McKnight, appeals from two judgment entries of the Franklin County Court of Common Pleas finding appellant guilty of possession of heroin and aggravated possession of drugs in case No. 17CR-4131 and finding appellant guilty of trafficking in heroin, trafficking in cocaine, and illegal conveyance of drugs into a detention facility in case No. 17CR-1565. For the following reasons, we affirm the decision of the trial court in case No. 17CR-4131 and dismiss the appeal in case No. 17CR-1565.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On March 17, 2017, a Franklin County Grand Jury indicted appellant in case No. 17CR-1565 on five separate counts related to appellant's alleged possession and trafficking of various drugs on July 12, 2016. The counts included: trafficking in heroin, in

violation of R.C. 2925.03; possession of heroin, in violation of R.C. 2925.11; trafficking in cocaine, in violation of R.C. 2925.03; possession of cocaine, in violation of R.C. 2925.11; and illegal conveyance of drugs of abuse onto grounds of a specific government facility, in violation of R.C. 2921.36.

{¶ 3} On July 28, 2017, a Franklin County Grand Jury indicted appellant in case No. 17CR-4131 on four separate counts under R.C. 2925.11 related to appellant's alleged possession of various drugs on March 16, 2017. The counts included: possession of heroin with an accompanying firearm specification; aggravated possession of drugs, to wit: oxycodone, with an accompanying firearm specification; possession of cocaine with an accompanying firearm specification; and aggravated possession of drugs, to wit: methamphetamine, with an accompanying firearm specification.

{¶ 4} At a September 19, 2017 plea hearing for both cases, plaintiff-appellee, State of Ohio, set forth the facts underlying the indictment in case No. 17CR-1565 as follows:

> That case occurred July 12th, 2016. The Franklin County Sheriff's Office had executed a narcotic search warrant at the residence that [appellant] and Brandon Shipley were selling heroin out of. When they executed that search warrant, [appellant] was present. She indicated that she was not a heroin addict, did not use drugs, but in her possession was greater than 5 grams but less than 10 grams of heroin that was being sold out of the house; hence, the trafficking, as well as greater than 10 grams but less than 20 grams of cocaine.
>
> [Appellant] was taken to the Franklin County jail over the arrest for this search warrant. She was asked if she had any contraband on her person. She indicated in the negative. And cocaine, as well as I think another type of drug, was found in her possession at the jail.

(Plea Hearing Tr. at 5.)

{¶ 5} Regarding case No. 17CR-4131, appellee set forth the facts underlying the indictment as follows:

> Very similar to the first one, Your Honor. This one happened March 16th, 2017. Again, the sheriff's office, the same unit, executed a narcotics search warrant at the residence that [appellant] and Mr. Shipley were selling heroin out of. In this case, she, again, had in her possession greater than 5 grams but less than 10 grams of heroin -- it was a joint possession with

> Brandon Shipley -- as well as greater than the bulk amount of oxycodone, a Schedule II drug. There were text messages on her cell phone directing people to the house for her to sell drugs to, the house on Little Avenue in Franklin County. That was the location of the search warrant.

(Plea Hearing Tr. at 6-7.)

{¶ 6} At the September 19, 2017 plea hearing, appellant pleaded guilty to five third-degree felonies between the two cases: aggravated possession of drugs and a stipulated lesser-included offense of possession of heroin in case No. 17CR-4131; trafficking in heroin, trafficking in cocaine, and illegal conveyance of drugs into a detention facility in case No. 17CR-1565. The parties did not jointly recommend a sentence but did jointly recommend a pre-sentence investigation ("PSI"), which the trial court ordered. Appellant additionally submitted a sentencing memorandum on October 17, 2017 asking the court to impose a term of intensive community control with substance abuse treatment considering her personal background and the overriding purposes of sentencing.

{¶ 7} A sentencing hearing was held on October 19, 2017. The trial court judge indicated he reviewed the PSI and appellant's sentencing memorandum. Defense counsel argued the convictions at hand are appellant's only felony convictions, and she only has two other misdemeanor convictions, all of which are a direct result of her drug addiction. Defense counsel noted appellant's childhood, which included assault and being in and out of foster care, and took issue with conflicting conclusions in the PSI regarding whether appellant showed remorse and took responsibility for her actions. Rather, defense counsel contended appellant admitted to authorities she was trafficking drugs for the Shipley brothers, and she never intended for the individual in the first case to overdose and almost die. Defense counsel did not dispute appellant tested positive for drugs while out on bond but contended she had been clean since June, had attended ten or more "NA classes," and had reported another female in her cell for having pills. (Sentencing Hearing Tr. at 4.) Appellant made a personal statement to the court apologizing and emphasizing her sobriety and desire to change.

{¶ 8} Appellee deferred to the court in the matter of sentencing. The trial court then imposed, in case No. 17CR-1565, a 12-month term on each of the 3 counts (trafficking in heroin, trafficking in cocaine, illegal conveyance of drugs) to run concurrently to each

other, a $10,000 fine, and 3 years optional post-release control.  In case No. 17CR-4131, the trial court imposed a 36-month term on each of the 2 counts (possession of heroin and aggravated possession of drugs) to run consecutively to each other, fine and costs waived, and 3 years optional post-release control.  The trial court ran the sentences in case Nos. 17CR-4131 and 17CR-1565 concurrently to each other for a total sentence of 72 months.  Regarding imposing consecutive sentences, the trial court stated:

> Because I'm imposing consecutive sentences, I would state for the record the following.  The high F3 level of these crimes and the presumption for prison that attaches to some or all of them is an important factor but not dispositive.
>
> The repetitive nature of the crimes is, to me, very difficult to reconcile with the thought of community control.  After her first arrest in [17CR-1565], she went back with her boyfriend, Brandon Shipley, to the same business.  There was a SWAT raid in July of 2016 that triggered the first case.  SWAT had to go out and raid them again in March of 2017.  That was an opportunity, if there was any serious understanding of how serious this was, to get away from it that wasn't taken.
>
> The seriousness and the misconduct, even though they are only felony 3 crimes, is substantial.  We've got guns, drugs, and substantial cash found on both dates at the location, according to pages 6 and 7 of the PSI.
>
> There's a questionable amount of remorse shown.  The PSI says several times, I believe, that she just puts herself in the wrong place at the wrong time.  I don't think that's a meaningful explanation for two different locations months apart when there were intervening SWAT raids.
>
> Finally, the drug abuse while on bond in March 30th, 2017; May 17th, 2017; June 21st, 2017, all with cocaine, several with methamphetamines, before bond was revoked June 21st.  These, under 2929.14(C)(4), cause me to conclude that consecutive sentences are necessary to protect the public from future crime and to fairly punish the offender.  That it's not disproportionate to the seriousness of all her misconduct to send her to prison with consecutive sentences.  And that she does pose a danger to the public until she gets this part of her life well behind her.

I also conclude the harm was so great that no single prison term would adequately reflect the seriousness of her misconduct.

(Sentencing Hearing Tr. at 6-8.)

{¶ 9} The judgment entry filed in case No. 17CR-4131 reads:

The Court has considered the purposes and principles of sentencing set forth in R.C. 2929.11 and the factors set forth in R.C. 2929.12. In addition, the Court has weighed the factors as set forth in the applicable provisions of R.C. 2929.13 and R.C. 2929.14. The Court further finds that a prison term is not mandatory pursuant to R.C. 2929.13(F). The Court finds that there is a presumption in favor of a prison term as to Counts One and Two, pursuant to R.C. 2929.13(D).

* * *

THE COURT FINDS CONSECUTIVE SENTENCES ARE APPROPRIATE CONSIDERING THE PURPOSES OF FELONY SENTENCING IN R.C. 2929.11 AND THE SERIOUSNESS AND RECIDIVISM FACTORS IN R.C. 2929.12. THE COURT MADE THE NECESSARY FINDINGS UNDER R.C. 2929.14(C) BASED UPON THE INCIDENTS IN HER TWO CASES HAVING OCCURRED IN THE SAME WAY, BUT MONTHS APART; SERIOUSNESS OF THE COMBINATION OF GUNS, DRUGS AND CASH; DEFENDANT'S APPARENT LACK OF REMORSE; DEFENDANT'S DRUG ABUSE CONTINUING WHILE SHE WAS ON BOND, AND OTHER MATTERS DISCUSSED ON THE RECORD WHICH ARE INCORPORATED FROM THE SENTENCING HEARING BY REFERENCE. THESE SHOW THAT CONSECUTIVE SENTENCES ARE NECESSARY TO PROTECT THE PUBLIC FROM FUTURE CRIME AND FAIRLY PUNISH DEFENDANT; ARE NOT DISPROPROTIONATE TO HER MISCONDUCT AND THE DANGER SHE POSES TO THE PUBLIC; AND THAT THE HARM WAS SO GREAT OR UNUSUAL THAT NO SINGLE PRISON TERM WILL ADEQUATELY REFLECT THE CONSEQUENCES OF HER CONDUCT.

(Emphasis omitted.) (Oct. 20, 2017 Judgment Entry at 1-2.)

{¶ 10} Appellant filed timely notices of appeal to this court in both cases. On November 7, 2017, the court sua sponte consolidated the cases for appellate review.

## II. ASSIGNMENT OF ERROR

{¶ 11} Appellant presents one assignment of error:

> The Trial Court erred in imposing consecutive terms of imprisonment and, as such, the consecutive sentence is a plain error and contrary to law.

## III. DISCUSSION

{¶ 12} Under her only assignment of error, appellant challenges the trial court's imposition of consecutive sentences for her convictions of possession of heroin and aggravated possession of drugs.[1] For the following reasons, we disagree with appellant.

{¶ 13} "Under Ohio law, absent an order requiring sentences to be served consecutively, terms of incarceration are to be served concurrently." *State v. Sergent*, 148 Ohio St.3d 94, 2016-Ohio-2696, ¶ 16, citing R.C. 2929.41(A). If consecutive sentences are not mandatory, "trial judges have discretion to order * * * multiple sentences to be served consecutively pursuant to R.C. 2929.14(C)(4)."[2] *Id.*; *State v. Alexander*, 10th Dist. No. 16AP-761, 2017-Ohio-4196, ¶ 9. R.C. 2929.14(C)(4) states:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused

---

[1] Appellant has assigned error as to the trial court's imposition of consecutive sentences, which were only imposed on convictions in case No. 17CR-4131; appellant has not assigned an error specific to case No. 17CR-1565. As such, the appeal of case No. 17CR-1565 (17AP-780) is dismissed, and we proceed to determine appellant's appeal of the consecutive sentences imposed in case No. 17CR-4131 (17AP-778). App.R. 16(A); App.R. 12.

[2] R.C. 2929.14(C)(4) is former R.C. 2929.14(E)(4).

by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 14} "[I]f the trial judge exercises his or her discretion to impose consecutive sentences, he or she must make the consecutive-sentence findings set out in R.C. 2929.14(C)(4), and those findings must be made at the sentencing hearing." *Sergent* at ¶ 17, citing *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶ 23. The trial court is "required to make the findings at the defendant's sentencing hearing and incorporate its findings in the sentencing entry, but [is] not required to state its reasons for imposing consecutive sentences." *Sergent* at ¶ 41, citing *Bonnell* at ¶ 37.

{¶ 15} Once the trial court makes the factual findings required by R.C. 2929.14(C)(4), an appellate court may overturn the imposition of consecutive sentences only if it finds, clearly and convincingly, the record does not support the sentencing court's findings or the sentence is otherwise contrary to law. R.C. 2953.08(G)(2); *State v. Higginbotham*, 10th Dist. No. 17AP-147, 2017-Ohio-7618, ¶ 11; *State v. Hargrove*, 10th Dist. No. 15AP-102, 2015-Ohio-3125, ¶ 22. The "clearly and convincingly" standard under R.C. 2953.08(G)(2) is "written in the negative which means that it is an extremely deferential standard of review." (Internal quotations omitted.) *Higginbotham* at ¶ 11.

{¶ 16} In this case, appellant argues, although the trial court technically complied with the sentencing requirements in the statutes, the "sentence was not 'clearly and convincingly' supported by the record." (Appellant's Brief at 9.) Appellant contends the trial court's "determination to order the maximum time of 36 months for two of the felony convictions, to be served consecutively, is not based on sufficient evidence to warrant the court's findings and is not based on the statutory factors [in R.C. 2929.12]," and the trial court judge's analysis under R.C. 2929.14(C)(4) was "inadequate and unsubstantiated" by the record. (Appellant's Brief at 16, 18.) Specifically, appellant contends the punishment of consecutive sentences was disproportionate to the seriousness of appellant's conduct and was unnecessary considering the danger posed to the public. Appellant argues the trial

court's assessment of seriousness and recidivism factors in R.C. 2929.12 is erroneous and its brief statement on the matter "cannot rise to the levels of statutory findings require[d] by R[.]C[.] 2929.12" and "fails to provide any insight into the Judge's rationale." (Appellant's Brief at 15.) Furthermore, in appellant's view, "it is not clear how the court determined that these crimes were repetitive in nature" since the crimes at issue were appellant's first felonies and her previous convictions for falsification and possession of drugs were both first-degree misdemeanors, and the convictions in this case appeared to be a direct result of mental health impairments and drug addiction. (Appellant's Brief at 15.)

{¶ 17} As a preliminary issue, several of appellant's arguments, including appellant's challenge to the trial court's imposition of the maximum 36-month sentence on each of the two convictions in case No. 17CR-4131 and challenge to the trial court's analysis of the seriousness and recidivism factors in R.C. 2929.12, fall outside of the assignment of error as stated. "This court rules on assignments of error, not mere arguments." *Huntington Natl. Bank v. Burda*, 10th Dist. No. 08AP-658, 2009-Ohio-1752, ¶ 21, citing App.R. 12(A)(1)(b) (stating that "a court of appeals shall * * * [d]etermine the appeal on its merits on the assignments of error set forth in the briefs"). Because appellant has not assigned the trial court's imposition of the maximum sentence on the convictions at issue or the analysis of R.C. 2929.12 as errors but, rather, has identified only the validity of the trial court's imposition of consecutive sentences in her assignment of error, we will consider that question alone.

{¶ 18} Addressing the error assigned, we conclude the trial court did not err in imposing consecutive sentences. First, as noted above, appellant concedes the trial court complied with making the statutory findings required by R.C. 2929.14(C)(4) but seems to take issue with the trial court's brevity in explaining its findings. A trial court need not state the reasons underlying its findings under R.C. 2929.14(C)(4). *Higginbotham* at ¶ 22-24, citing *State v. Adams*, 10th Dist. No. 12AP-783, 2014-Ohio-1809, ¶ 15. Therefore, to the extent appellant challenges the trial court's brevity in explaining the reasoning behind its findings, her contention lacks merit.

{¶ 19} Second, the merits of appellant's argument regarding the record not supporting the imposition of consecutive sentences fails, particularly when considering our

standard of review. Here, the trial court stated that it considered the PSI and appellant's sentencing memorandum, that it considered the purposes and principles of sentencing set forth in R.C. 2929.11 and the factors set forth in R.C. 2929.12, and that it weighed the factors as set forth in the applicable provisions of R.C. 2929.13 and 2929.14. Moreover, it is undisputed that after the July 2016 police raid on appellant's boyfriend's home, which served as the basis of case No. 17CR-1565 and appellant's guilty pleas to trafficking in heroin and cocaine and illegal conveyance of drugs into a detention facility, appellant essentially returned to the same conduct and was, merely months later, caught in another police raid on her boyfriend's home. In that March 16, 2017 raid, police found several types of drugs, guns, and substantial cash in the home, and appellant had texts on her phone assisting in drug sales. While on bond, appellant tested positive for drugs (cocaine alone or with methamphetamine) three times. Considering all the above and in light of our deferential standard of review under R.C. 2953.08(G)(2), we do not find, clearly and convincingly, that the record in this case does not support the trial court's findings to impose consecutive sentences or that the sentence is otherwise contrary to law.

{¶ 20} Accordingly, appellant's sole assignment of error is overruled.

## IV. CONCLUSION

{¶ 21} Having overruled appellant's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas in case No. 17CR-4131 and dismiss the appeal in case No. 17CR-1565.

*Judgment affirmed in case No. 17CR-4131;*
*appeal dismissed in case No. 17CR-1565.*

BROWN, P.J., and LUPER SCHUSTER, J., concur.

_____