[Cite as *State v. Williams*, 2020-Ohio-3802.]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

STATE OF OHIO,                                :

    Plaintiff-Appellee,                :

                                      No. 108724

    v.                                         :

DEMICO T. LEE WILLIAMS,           :

    Defendant-Appellant.            :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** July 23, 2020

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-17-613909-A, CR-17-614036-A, and CR-17-614194-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Jennifer M. Meyer, Assistant Prosecuting Attorney, *for appellee.*

Robert A. Dixon, *for appellant.*

Demico T. Lee Williams, *pro se.*

ANITA LASTER MAYS, P.J.:

{¶ 1} Defendant-appellant Demico T. Lee Williams ("Williams") filed a pro se brief asking this court to vacate his sentence. We affirm.

{¶ 2} On July 17, 2018, Williams entered into a negotiated guilty plea involving three criminal cases, Cuyahoga C.P. Nos. CR-17-613909-A, CR-17-614036-A, and CR-17-614194-A. Williams pled guilty to four counts of robbery, second-degree felonies in violation of R.C. 2911.02(A)(1). Three of the robbery counts contained one-year firearm specifications. Williams also pled guilty to four counts of kidnapping and one count of receiving stolen property. Williams and the state agreed to a sentence range of 10 to 15 years imprisonment. The trial court sentenced Williams to 15 years' imprisonment, which consisted of consecutive terms.

{¶ 3} Counsel appointed to represent Williams in the instant appeal filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and requested leave to withdraw as counsel. *Anders* held that where, after a conscientious examination of the case, appellate counsel is unable to find any meritorious issues for review, then counsel should inform the court and request permission to withdraw from the case. *Id.* at 744. In addition, the request must be

> accompanied by a brief referring to anything in the record that might arguably support the appeal. A copy of counsel's brief should be furnished the indigent and time allowed him to raise any points that he chooses; the court — not counsel — then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it may grant counsel's request to withdraw and dismiss the appeal insofar as federal requirements are concerned, or proceed to a decision on the merits, if state law so requires. On the other hand, if it finds any of the legal points arguable on their merits (and therefore not frivolous) it must, prior to decision, afford the indigent the assistance of counsel to argue the appeal.

*Id.*

**{¶ 4}** Counsel offers that there are no meritorious arguments in this case, and asks this court to permit him to withdraw. On October 16, 2019, Williams was sent notification of counsel's filing of an *Anders* brief with his motion to withdraw and Williams was given until January 3, 2020, to respond. Williams filed his pro se brief with this court on January 9, 2020. Upon the filing of Williams's pro se brief, we granted counsel's motion to withdraw and will review Williams's assignments of error on the merits. Williams has assigned two errors for our review.

    I.     Appellant was denied due process when the trial court sentenced appellant to a term of imprisonment contrary to law, where the record is insufficient to establish factual support for a sentence of consecutive terms of imprisonment; and

    II.    Appellant was denied effective assistance of counsel.

## I.    Consecutive Sentences

### A.    Standard of Review

**{¶ 5}** We review felony sentences under the standard set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 16.

> R.C. 2953.08(G)(2) provides that when reviewing felony sentences, a reviewing court may overturn the imposition of consecutive sentences where the court "clearly and convincingly" finds that (1) "the record does not support the sentencing court's findings under R.C. 2929.14(C)(4)," or (2) "the sentence is otherwise contrary to law."

*State v. Henderson*, 8th Dist. Cuyahoga Nos. 106340 and 107334, 2018-Ohio-3168, ¶ 15.

## B. Whether the Trial Court Erred in Sentencing the Appellant to Consecutive Sentences

**{¶ 6}** Before reaching the assignments of error, we must first determine the reviewability of the sentence imposed in Williams's case. *See State v. Grant*, 2018-Ohio-1759, 111 N.E.3d 791, ¶ 11 (8th Dist.). In this case, there was an agreement to a sentence of 10 to 15 years. Williams pleaded guilty to four second-degree felony counts of robbery, four first-degree felony counts of kidnapping, and one fourth-degree felony count of receiving stolen property. There were also mandatory one-year firearm specifications attached to three of the four robbery counts. The statutory maximum prison sentences under R.C. 2929.14(A) for felonies of the first, second, and fourth degrees are 11, 8, and 1½ years respectively. If sentenced on each robbery count plus the three mandatory one-year firearm specifications, each kidnapping count, and the receiving stolen property count, the trial could have statutorily sentenced Williams to 80½ years' imprisonment. The trial court imposed an aggregate sentence of 15 years, per the recommended sentence of 10 to 15 years' imprisonment between Williams and the state.

**{¶ 7}** R.C. 2953.08(D)(1) limits our ability to review an agreed sentence. R.C. 2953.08(D)(1) states:

> A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge.

**{¶ 8}** The initial question we must answer is whether an agreement to a sentencing range, as opposed to a specific term of incarceration, is a jointly

recommended sentence for purposes of R.C. 2953.08(D)(1). Williams and the state agreed to a jointly recommended sentencing range of 10 to 15 years imprisonment. (Tr. 7.) The trial court sentenced Williams to 15 years' imprisonment. (Tr. 25.) Williams, in his pro se brief, argues that the trial court's sentence is contrary to law because the record does not reflect that the trial court made the statutory findings mandated for consecutive sentences. However, "a trial court's imposition of nonmandatory consecutive sentences within an agreed sentencing range is a jointly recommended sentence that is authorized by law and not reviewable on appeal under R.C. 2953.08(D)(1)." *Grant* at ¶ 29.

{¶ 9} Additionally, it does not matter if the jointly recommended sentence is a range or a specific term. *Grant*, 2018-Ohio-1759, 111 N.E.3d 791, at ¶ 19. The sentence is not reviewable. *Id.*

> Other districts agree. So long as the sentence imposed within a jointly recommended sentencing range is authorized by law, the sentence is not reviewable on appeal. R.C. 2953.08(D)(1). *See State v. Ramsey*, 5th Dist. Licking No. 16-CA-91, 2017-Ohio-4398, ¶ 15-17; *State v. Essinger*, 2d Dist. Montgomery No. 26593, 2016-Ohio-4977, ¶ 10; *State v. Connors*, 2d Dist. Montgomery No. 26721, 2016-Ohio-3195, ¶ 4; *State v. James*, 8th Dist. Cuyahoga Nos. 104006 and 104169, 2016-Ohio-7889, ¶ 9; *State v. Scurles*, 6th Dist. Lucas Nos. L-07-1108 and L-07-1109, 2008-Ohio-2480, ¶ 7-9 (all finding sentence imposed within a jointly recommended sentencing range that was authorized by law was not subject to review on appeal).

*Id.*

{¶ 10} Williams's sentence on each count was within the statutory range. (Tr. 24-25.) "It follows that a sentence that is within the authorized statutory ranges for the offenses and comports with all mandatory sentencing provisions is

authorized by law." *Id.* at ¶ 23. Additionally, whether Williams "agreed to a sentencing range or sentencing cap, as opposed to a specific sentence, is immaterial." *Id.* "A sentence that is authorized by law and imposed within a jointly recommended sentencing range is not subject to appellate review." *Id.*

{¶ 11} This court has also held that "when a trial judge imposes nonmandatory consecutive sentences within a jointly recommended sentencing range, the sentence is 'authorized by law' and is not subject to review on appeal pursuant to R.C. 2953.08(D)(1), regardless of any express agreement to consecutive sentences." *Id.* at ¶ 24. Therefore, we find that Williams's sentence is not subject to review, and is not contrary to law.

{¶ 12} Williams's first assignment of error is overruled.

## II. Ineffective Assistance of Counsel

### A. Standard of Review

{¶ 13} To establish a claim for ineffective assistance of counsel, Williams must show his trial counsel's performance was deficient, and that the deficient performance prejudiced the defense so as to deprive Williams of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). To establish prejudice, Williams must demonstrate there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland* at 694.

**{¶ 14}** In evaluating a claim of ineffective assistance of counsel, a court must give great deference to counsel's performance. *Id.* at 689. "A reviewing court will strongly presume that counsel rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *State v. Pawlak*, 8th Dist. Cuyahoga No. 99555, 2014-Ohio-2175, ¶ 69. Thus, "[t]rial strategy or tactical decisions cannot form the basis for a claim of ineffective counsel." *State v. Foster*, 8th Dist. Cuyahoga No. 93391, 2010-Ohio-3186, ¶ 23, citing *State v. Clayton*, 62 Ohio St.2d 45, 402 N.E.2d 1189 (1980). Additionally, the failure to do a futile act cannot be the basis for claims of ineffective assistance of counsel, nor could such a failure be prejudicial. *State v. Kilbane*, 8th Dist. Cuyahoga No. 99485, 2014-Ohio-1228, ¶ 37.

**B.     Whether the Appellant was Denied Effective Assistance of Counsel**

**{¶ 15}** Williams argues that his trial counsel was ineffective because trial counsel advised him to plead guilty, and he received the maximum agreed-upon sentence. A review of the record reveals that Williams was facing a possible more than 200 years[1] in prison if he was convicted on each count and underlying specification and the trial court imposed maximum sentences. Williams and the state agreed they would recommend a sentence of 10 to 15 years' imprisonment. The trial court sentenced Williams to 15 years' imprisonment. In Williams's brief, he

---

[1] Total possible years on Cuyahoga C.P. Nos. CR-17-613909-A, CR-17-614036-A, and CR-17-614194-A is over 200 years.

argued that his trial counsel was ineffective because his counsel's advice to plead guilty "with so little compensation for his guilty plea" was deficient. Appellant's brief, p. 12. Williams was unhappy that he received the maximum 15 years of the jointly recommended sentence. However, we disagree with Williams's assertion. Williams was facing substantially more time than he received.

{¶ 16} Also, the record demonstrates the trial court initially considered a sentence of 50 years' imprisonment, because the trial court expressed that Williams should not ever be allowed in society and should be locked in a cage. (Tr. 9, 11.) The trial court also admonished the state for agreeing to a deal where Williams would serve less than 20 years' imprisonment. (Tr. 10.)

{¶ 17} Williams indicated to the trial court that he was satisfied with his trial counsel. (Tr. 14.) There is no indication from the record that Williams's trial counsel was ineffective. Williams argues in his brief that "[t]rial counsel failed to investigate the facts of this case and/or interview any potential witnesses that could have shed light on the factors that lead up to this tragic event and/or could have been alibi witnesses." Appellant's brief, p. 14. However, the record reveals that trial counsel visited Williams three times before the plea hearing, and the record is void regarding any claims of Williams telling counsel of any alibi witnesses or that he had an alibi for the times when the crimes were committed.

{¶ 18} Additionally, Williams had an opportunity to express his dissatisfaction of the terms of his deal at the plea hearing. As the record demonstrates, Williams received the benefit of the plea deal negotiated by his trial

counsel. We find that Williams has not demonstrated that he was prejudiced by trial counsel's performance. In order to reverse Williams's convictions, he must demonstrate that his counsel's performance was deficient, and that deficiency prejudiced him. *State v. Jones*, 8th Dist. Cuyahoga No. 102260, 2016-Ohio-688, ¶ 14.

{¶ 19} Therefore, Williams's second assignment of error is overruled.

{¶ 20} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
ANITA LASTER MAYS, PRESIDING JUDGE

FRANK D. CELEBREZZE, JR., J., and
LARRY A. JONES, SR., J., CONCUR