[Cite as *State v. Riggs*, 2018-Ohio-3552.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | : | Hon. William B. Hoffman, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| STEVEN RIGGS | : | Case No. 2018 AP 02 0011 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:       Appeal from the Court of Common Pleas, Case No. 2012 CR 04 0100


JUDGMENT:       Affirmed


DATE OF JUDGMENT:       September 4, 2018


APPEARANCES:

For Plaintiff-Appellee                      For Defendant-Appellant

MICHAEL J. ERNEST                    STEVEN RIGGS, Pro Se
125 East High Avenue                     Inmate No. 662-156
New Philadelphia, OH  44663          Marion Correctional Institution
                                           P.O. Box 57
                                           Marion, OH  43302

*Wise, Earle, J.*

{¶ 1}   Defendant-Appellant, Steven Riggs, appeals the January 23, 2018 decision of the Court of Common Pleas of Tuscarawas County, Ohio, denying his motion for relief from judgment.  Plaintiff-Appellee is the state of Ohio.

FACTS AND PROCEDURAL HISTORY

{¶ 2}   On April 27, 2012, the Tuscarawas County Grand Jury indicted appellant on four counts of trafficking in drugs in violation of R.C. 2925.03 and two counts of possession of drugs in violation of R.C. 2925.11.  The indictment also included forfeiture specifications.  Appellant failed to appear for the final pretrial scheduled for August 20, 2012, and a capias warrant was issued for appellant's arrest.

{¶ 3}   On or about February 12, 2015, appellee received a Notice of Availability from appellant.  A jury trial commenced on June 23, 2015.  Following the state's case-in-chief, appellant pled guilty to amended charges pursuant to a negotiated plea.  By judgment entry filed June 25, 2015, the trial court sentenced appellant to the agreed upon sentence, an aggregate term of six years in prison and three years of community control.

{¶ 4}   Appellant filed an appeal on January 28, 2016 (Case No. 2016 AP 01 0007).  Appellant filed a motion for delayed appeal on March 16, 2016, which was denied on April 26, 2016 (Case No. 2016 AP 03 0018).  The January appeal was dismissed for want of prosecution on June 13, 2016.

{¶ 5}   On January 12, 2018, almost two years after the trial transcript was filed with this court in the January 2016 appeal, appellant filed in the trial court a motion for relief from judgment seeking a resentencing.  Appellant appeared to challenge the imposition of costs without notice under R.C. 2947.23, and argued his sentence was

harsher than the sentence received by his co-defendant and his counsel and the trial court failed to advise him of his right to appeal. Appellant claimed his plea was not knowingly, voluntarily, and intelligently given because he had not been made aware of his co-defendant's lesser sentence. By judgment entry filed January 23, 2018, the trial court denied the motion, finding under Ohio law it had no authority to modify the sentence.

{¶ 6} Appellant filed an appeal and this matter is now before this court for consideration. We glean the following assignments of error from appellant's pro se brief:

I

{¶ 7} "THE TRIAL COURT IMPROPERLY RELIED ON R.C. 2947.23(A) PERTAINING TO COSTS, RENDERING APPELLANT'S SENTENCE UNCONSTITUTIONAL."

II

{¶ 8} "THE TRIAL COURT ERRED IN APPLYING CRIM.R.11 AND R.C. 2929.11 IN A GENDER AND RACIALLY DISCRIMINATORY MANNER."

III

{¶ 9} "DEFENDANT WAS DENIED DUE PROCESS AND EQUAL PROTECTION OF THE LAW, WHEN THE TRIAL COURT DID NOT INFORM HIM OF HIS APPELLATE RIGHTS AND HIS SUBSEQUENT APPLICATION FOR LEAVE TO FILE A DELAYED APPEAL WAS DENIED, COMBINED WITH COUNSEL'S FAILURE TO ADVISE HIM OF HIS APPELLATE RIGHTS IN VIOLATION OF THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION."

### I, II, III

{¶ 10} At the outset, we note this appeal is not a direct appeal, but an appeal of the trial court's denial of appellant's motion for relief from judgment wherein he sought a resentencing. Appellant brought his motion under Fed.R.Crim.P. 32, Civ.R. 60(B) via Crim.R. 57(B), Crim.R. 43(A)(1), and Civ.R. 56(D). None of these rules can support appellant's motion. Fed.R.Crim.P. 32 governs sentencing and judgment of criminal cases in federal court, not state court. Civ.R. 56(D) and Civ.R. 60(B) govern proceedings in civil actions. Crim.R. 57(B) permits a court in a criminal matter to "look to the rules of civil procedure * * * if no rule of criminal procedure exists." Appellant's arguments were reviewable in a direct appeal. Crim.R. 43(A)(1) provides that "the defendant must be physically present at every stage of the criminal proceeding and trial." The transcripts filed with the appeal indicate appellant was present at every stage.

{¶ 11} In its January 23, 2018 judgment entry denying appellant's motion, the trial court found "[a]bsent a clerical error or a void sentence, a trial court may not amend or modify a criminal sentence once it has been executed." The trial court concluded "that under Ohio law it has no authority to modify the sentence." The trial court did not review appellant's specific arguments. Instead of addressing the trial court's decision, appellant's appellate brief is merely a rehashing of his motion for relief from judgment, arguments that could have been raised on direct appeal and are therefore not properly before this court for review.

{¶ 12} Appellant filed an untimely direct appeal on January 28, 2016 (Case No. 2016 AP 01 0007). Appellant then filed a motion for delayed appeal on March 16, 2016 (Case No. 2016 AP 03 0018). The motion was denied on April 26, 2016, while the

January appeal was still pending until it was dismissed for want of prosecution on June 13, 2016. It was not dismissed for untimeliness.

{¶ 13} In his motion to the trial court and under his Assignment of Error III, appellant argues he was denied due process and equal protection under the law because his counsel and the trial court failed to inform him of his right to appeal. Because this argument involves appellant's right to appeal, we will address it.

{¶ 14} "Although R.C. 2953.08 confers the right to appeal from the sentence, it contains no requirement that the court notify the defendant of that right. And any purported failure by the trial court in its notification obligations under Crim.R. 32 could not render his sentence void." *State v. Hamilton,* 4th Dist. Hocking No. 16CA17, 2017-Ohio-1294, ¶ 18.

{¶ 15} Further, under R.C. 2953.08(D)(1), "[a] sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by the sentencing judge." Therefore, appellant's sentence is not reviewable "if it was (1) jointly recommended, (2) authorized by law, and (3) imposed by the sentencing judge."

{¶ 16} Appellant's June 25, 2015 sentence was the result of a negotiated plea. The sentence was jointly recommended by the parties and imposed by the sentencing judge. T. at 133-135, 141-142, 146. The record contains the written plea agreement signed by appellant and his counsel, which sets forth the jointly recommended sentence, as well as a waiver of rights and an acknowledgement that he made his plea knowingly, intelligently, and voluntarily and was satisfied with his defense counsel.

{¶ 17} "A sentence is 'authorized by law' and is not appealable within the meaning of R.C. 2953.08(D)(1) only if it comports with all mandatory sentencing provisions." *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, paragraph two of the syllabus. Our review of the record indicates the trial court properly imposed a prison term within the statutory range for his convictions for second and third degree felonies and fulfilled the mandatory sentencing provisions. R.C. 2929.14(A)(2), (A)(3)(b), (B), and (C)(4); R.C. 2929.11; R.C. 2929.12; R.C. 2929.19; R.C. 2941.25; R.C. 2947.23; R.C. 2967.28.

{¶ 18} Upon review, we find appellant's sentence comports with the law, including R.C. 2947.23(A) pertaining to costs as argued under Assignment of Error I, and is not reviewable under R.C. 2953.08(D)(1).

{¶ 19} Appellant's arguments under Assignment of Error II claiming the trial court erred in applying Crim.R. 11 and R.C. 2929.11 in his case are not properly before this court for review.

{¶ 20} Assignments of Error I, II, and III are denied.

{¶ 21} The judgment of the Court of Common Pleas of Tuscarawas County, Ohio is hereby affirmed.

By Wise, Earle, J.

Wise, John, P.J. and

Hoffman, J. concur.


EEW/db 820