[Cite as *State v. Riggs*, 2019-Ohio-2903.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Earle E. Wise, Jr., J. |
| -vs- | : | |
| | : | |
| STEVEN RIGGS | : | Case No. 2019 AP 01 0004 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:        Appeal from the Tuscarwas Court of
                                Common Pleas, Case No. 2012 CR
                                04 0100


JUDGMENT:                       Affirmed


DATE OF JUDGMENT:               July 15, 2019


APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

MICHAEL ERNEST                        STEVEN RIGGS, PRO SE
125 East High Avenue                  #662-156
New Philadelphia, OH  44663           P.O. Box 57

Marion, OH 43302

*Wise, Earle, J.*

{¶ 1} Defendant-Appellant Steven Riggs appeals the December 20, 2018 judgment of the Court of Common Pleas Tuscarawas County, Ohio which denied his "Motion to Refrain from Designating His Sentence as an Aggregate Sentence, To Consider this Sentence Concurrent Sentences" (sic). Plaintiff-Appellee is the state of Ohio.

Procedural History

{¶ 2} On April 27, 2012, the Tuscarawas County Grand Jury indicted appellant on four counts of trafficking in drugs in violation of R.C. 2925.03 and two counts of possession of drugs in violation of R.C. 2925.11. The indictment also included forfeiture specifications. Appellant failed to appear for the final pretrial scheduled for August 20, 2012, and a capias warrant was issued for appellant's arrest.

{¶ 3} On February 12, 2015, appellee received a Notice of Availability from appellant who was incarcerated as a result of a criminal conviction in Erie County. A jury trial commenced on June 23, 2015. Following the state's case-in-chief, appellant elected to plead guilty to amended charges pursuant to a negotiated plea. By judgment entry filed June 25, 2015, the trial court sentenced appellant to the agreed upon sentence, an aggregate term of six years in prison and three years of community control to be served consecutively to appellant's Erie County case.

{¶ 4} Appellant filed an appeal on January 28, 2016 (Case No. 2016 AP 01 0007). Appellant filed a motion for delayed appeal on March 16, 2016, which was denied on April

26, 2016 (Case No. 2016 AP 03 0018). The January appeal was dismissed for want of prosecution on June 13, 2016.

{¶ 5} On January 12, 2018, almost two years after the trial transcript was filed with this court in the January 2016 appeal, appellant filed in the trial court a motion for relief from judgment seeking a resentencing. Appellant appeared to challenge the imposition of costs without notice under R.C. 2947.23, and argued his sentence was harsher than the sentence received by his co-defendant, and his counsel and the trial court failed to advise him of his right to appeal. Appellant claimed his plea was not knowingly, voluntarily, and intelligently given because he had not been made aware of his co-defendant's lesser sentence. By judgment entry filed January 23, 2018, the trial court denied the motion, finding under Ohio law it had no authority to modify the sentence. Appellant appealed the trial court's ruling and we affirmed the same. *State v. Riggs*, 5th Dist. No. 2018 AP 02 0011, 2018-Ohio-3552 (*Riggs* I)

{¶ 6} On December 6, 2018 appellant filed his "Motion to Refrain from Designating His Sentence as an Aggregate Sentence, To Consider this Sentence Concurrent Sentences." (sic) The motion argued appellant's sentencing entry was ambiguous as to whether his sentence in the instant matter was to be served consecutively to his sentence an unrelated matter. Appellant asked the trial court to "* * * issue an order to the Bureau of Sentencing Computation to change there record as to the appellant's sentence in Case No. 2012-CR-04-0100 from Tuscarawas County Court of Common Pleas to run concurrent and to re-calculate the sentence in Case No.2013CR-135 from Erie County Court of Common Pleas in light of the correct record." (sic) The trial court denied the motion on December 14, 2018, again finding that under Ohio law it had

no authority to modify appellant's sentence. Appellant filed an appeal and the matter is now before this court for consideration. Appellant has failed to set forth an assignment of error, however we glean the following from his brief:

I

{¶ 7} BECAUSE THE SENTENCING ENTRY IN CASE 2012-CR-04-0100 IS ABIGUOUS AS TO AS TO WHETHER APPELLANT IS TO SERVE THE SENTENCE CONSECUTIVELY OR CONCURRENTLY WITH ERIE COUNTY CASE NUMBER 2013-CR-315, THE TRIAL COURT ERRED WHEN IT DENIED DEFENDANT'S MOTION TO CONVERT HIS CONSECUTIVE SENTENCES TO CONCURRENT SENTENCES.

{¶ 8} As was true in *Riggs* I, this appeal is not a direct appeal, but rather an appeal of the trial court's denial of appellant's motion for relief from judgment wherein he sought a resentencing. Appellant's current arguments were reviewable on direct appeal. This court has previously found any arguments on the issue of consecutive sentences are barred by res judicata. *State v. Wofford*, 5th Dist. Stark No. 2016CA00087, 2016-Ohio-4628, ¶ 20-23.

{¶ 9} Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, other than a direct appeal from the judgment, any defense or lack of due process that was raised or could have been raised at the trial which resulted in the judgment of conviction, or on appeal from that judgment. *State v. Szefcyk*, 77 Ohio St.3d 93, 1996-Ohio-337, 671 N.E.2d 233, syllabus. We find Appellant's claims here regarding consecutive sentencing are barred by res judicata.

{¶ 10} Even if that were not true, we have reviewed the sentencing judgment entry in this matter which clearly indicates "This sentence shall be served consecutively to Defendant's current term of state penal incarceration," referring to appellant's incarceration on the Erie County case.

{¶ 11} Appellant's arguments are res judicata, and further without merit. Appellant's arguments are therefore overruled.

By Wise, Earle, J.

Gwin, P.J. and

Delaney, J. concur.

EEW/rw