[Cite as *State v. Lindsay*, 2020-Ohio-105.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | No. 108276 |
| v. | : | |
| AARON LINDSAY, JR., | : | |
| Defendant-Appellant. | : | |

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** January 16, 2020

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case Nos. CR-17-622296-C, CR-17-622961-C, CR-18-624793-A, CR-18-625947-A,
CR-18-627504-A, CR-18-627844-B, CR-18-630756-B, and CR-18-632566-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting
Attorney, and David Elias, Assistant Prosecuting
Attorney, *for appellee.*

Mark A. Stanton, Cuyahoga County Public Defender, and
Robert McCaleb and Jeffrey Gamso, Assistant Public
Defenders, *for appellant.*

MARY J. BOYLE, P.J.:

{¶ 1} Defendant-appellant, Aaron Lindsay, Jr., ("Lindsay"), appeals the sentences that he received in eight cases. He raises one assignment of error for our review:

> The sentences imposed were contrary to law and violated due process because the trial court's failure to articulate its reasons is an abuse of discretion which makes impossible any meaningful review and leads to the appearance of arbitrariness.

{¶ 2} Finding no merit to his arguments, we affirm.

## I. Procedural History and Factual Background

{¶ 3} Between October 30, 2017 and September 17, 2018, Lindsay was indicted on 26 counts in eight cases.[1] Lindsay initially pleaded not guilty to the charges in each case.

{¶ 4} In January 2019, however, the parties appeared in court for a change-of-plea hearing. The state explained at the outset of the hearing that the plea offer included "an agreed recommendation of all case numbers[,] incarceration time being between 10 and 16 years at the court's discretion." The state then reviewed the plea offer on the record.

{¶ 5} The trial court stated, "I believe that as part of this plea agreement, the defendant agrees that these are mandatory sentences, and that there will be no

---

[1] The cases included Cuyahoga C.P. No. CR-17-622296 (Oct. 30, 2017), Cuyahoga C.P. No. CR-17-622961 (Nov. 17, 2017), Cuyahoga C.P. No. CR-18-624793 (Jan. 24, 2018), Cuyahoga C.P. No. CR-18-625947 (Mar. 20, 2018), Cuyahoga C.P. No. CR-18-627504 (May 2, 2018), Cuyahoga C.P. No. CR-18-627844 (June 14, 2018), Cuyahoga C.P. No. CR-18-630756 (Aug. 10, 2018), and Cuyahoga C.P. No. CR-18-632566 (Sept. 17, 2018).

opportunity for judicial release as well as agreeing to no contact with any of the victims in these cases." Also as part of the plea agreement, Lindsay agreed to pay $251 to one of the victims. Defense counsel and the state agreed with the court that its statement was accurate.

{¶ 6} The trial court informed Lindsay that it was accepting the recommended sentencing range, stating, "So, your sentence will be between 10 and 16 years, okay? So you have my assurance that I'm not going to go over that 16 years. Okay?" Lindsay responded "yes" to the court's questions.

{¶ 7} The court stated that Lindsay was 21 years old. The court addressed Lindsay and engaged in the required plea colloquy with him. Lindsay told the court that he graduated from high school, was not under the influence of any drugs or alcohol, was not on probation or postrelease control, and no one threatened him or forced him to enter into the plea

{¶ 8} At that point, the trial court told Lindsay again that it would impose a sentence that was between 10 and 16 years in prison and asked Lindsay, "Has anyone told you a certain number between those numbers?" Lindsay replied, "Yes," and then told the court, "ten." The court told Lindsay that it understood that he wanted 10 years but that his sentence would be between 10 and 16 years.

{¶ 9} The court asked Lindsay if he was satisfied with the representation he had received from his lawyer. Lindsay responded, "No." The court asked why. Lindsay told the court he did not know why. The court then explained:

Well, I need you to be satisfied, so you're looking at a lot of time and a lot of counts on these cases, and I can assure you that [defense counsel] has been up here working this case with the prosecutor. So, if you have a problem with how he's represented you, now is the time that we talk about it. And you're ultimately the guy making the decision if you want to plead or if you don't want to plead.

{¶ 10} Lindsay told the trial court that he "just would like [his defense counsel] to do better on the plea bargain. That's all." The court asked Lindsay, "What were you hoping for?" Lindsay stated that he "was hoping for, like, seven to twelve, something like that." The court responded, "Mr. Lindsay, come on. He's a good lawyer, but he's not a magician." The court told Lindsay that he was "looking at a lot of time on these cases" and to be "realistic." Lindsay told the court that he had "added up the time on the indictments." The court told Lindsay that it was "absolutely" his right to reject the plea offer and stated that if he did not accept it, that it would begin trial on the first case that day. The court took a short recess.

{¶ 11} When the hearing resumed, the trial court began discussing the first case that was scheduled to go to trial that day. Lindsay told the court that he would like to "take" the plea deal. The court asked him if he was sure. Lindsay responded, "I don't know. I don't know." Defense counsel then explained to the court that it had reviewed the evidence in depth with Lindsay as well as the possible outcomes with respect to each case. But defense counsel said that Lindsay was still having a difficult time making his decision. The court stated that it understood but asked if Lindsay was ready to proceed. Defense counsel responded, "Yes."

{¶ 12} The trial court asked Lindsay if he was satisfied with his defense counsel. Lindsay told the court that he was. Lindsay also told the court that he was a United States citizen. Just as the court was about to review Lindsay's constitutional rights with him, Lindsay's mother walked into court. Lindsay stated that he had not had a chance to review the plea offer with his mother. The court told Lindsay's mother that she could listen as it reviewed the charges with Lindsay.

{¶ 13} At that point, the court reviewed Lindsay's constitutional rights with him and made sure that he understood that he was waiving them. The court then reviewed the plea offer in each case to "make sure that everybody" was "on the same page." Defense counsel then asked the court for a recess because Lindsay needed "a minute," and defense counsel wished to speak with Lindsay's mother.

{¶ 14} After a short recess, the court stated that it had reviewed the plea agreement with Lindsay, the maximum penalties with respect to each charge, and "the range on all of these cases together." The court then stated, "The prosecutor has offered a range of 10 to 16 years, which the court has accepted." The court asked Lindsay if he understood all of the offenses that he was pleading guilty to. Lindsay responded, "Yes."

{¶ 15} Defense counsel then interrupted the court and said that Lindsay was "having real difficulty with his plea." Defense counsel asked for a continuance because Lindsay was considering hiring new counsel to discuss the plea offer. Defense counsel indicated that he understood that this was a difficult request for the court to consider on the day of trial, but that it would help Lindsay understand the

magnitude of the eight cases. The state told the court that it was prepared to go to trial that day but that it would defer to the court regarding the continuance. The court asked the state how long the plea offer would remain on the table. The state replied that it would be good until "voir dire starts." The court granted Lindsay a two-day continuance.

{¶ 16} Two days later, the plea hearing resumed. Lindsay informed the court that he was ready to "accept the plea offer" and that he felt good about it. The court then incorrectly stated to Lindsay that "[t]he range that we discussed last week was 12 to 16 years. Today the range is 10 to 16 years; right?" Lindsay responded, "Yes." Lindsay told the court that he was satisfied with the representation that he received from his defense counsel. The court reviewed Lindsay's constitutional rights with him a second time and made sure that Lindsay understood that he was waiving them. The court then reviewed the offenses that Lindsay was pleading guilty to and the maximum penalty for each offense. The court then stated, "As part of this plea, the Court is agreeing to the range of 10 to 16 years. You're agreeing to have no contact with any of the victims in any of these cases, and that you will not be eligible for judicial or early release." Lindsay told the court that he understood. The court then reviewed postrelease control with Lindsay. Lindsay further told the court that he did not have any questions regarding his plea. The state and defense counsel told the court that they were satisfied that it complied with Crim.R. 11.

{¶ 17} Lindsay then pleaded guilty to the offenses in each case as set forth in the plea agreement. In CR-17-622296, Lindsay pleaded guilty to robbery, a second-

degree felony with a one-year firearm specification; improperly handling a firearm in a motor vehicle, a fourth-degree felony; and having a weapon while under a disability, a third-degree felony. In CR-17-622961, Lindsay pleaded guilty to burglary, a third-degree felony, and escape, a second-degree felony. In CR-18-624793, Lindsay pleaded guilty to improperly handling a firearm in a motor vehicle, a fourth-degree felony, with forfeiture specifications. In CR-18-625947, Lindsay pleaded guilty to breaking and entering, a fifth-degree felony. In CR-18-627504, Lindsay pleaded guilty to robbery, a second-degree felony, with a three-year firearm specification and agreed to pay $251 in restitution to the victim. In CR-18-627844, Lindsay pleaded guilty to burglary, a second-degree felony. In CR-18-630756, Lindsay pleaded guilty to attempted improperly handling a firearm in a motor vehicle, a fifth-degree felony, with forfeiture specifications; and falsification, a first-degree misdemeanor. In CR-18-632566, Lindsay pleaded guilty to burglary, a fourth-degree felony, and drug possession, a fifth-degree felony. The court accepted Lindsay's guilty pleas and found him guilty of all of the charges as outlined. The court referred Lindsay for a presentence-investigation report ("PSI").

{¶ 18} At the beginning of the sentencing hearing, the trial court indicated that it was in possession of the PSI and letters of support from Lindsay's family members. The state explained that the firearm specifications did not merge because they were in two different cases. The state then reviewed the facts of most of the cases. The state reminded the trial court that they agreed to a sentencing range of

10 to 16 years. The state told the court that the law enforcement officers "want all 16 years."

{¶ 19} Defense counsel then spoke to the court regarding mitigation and requested the court give Lindsay the minimum of ten years. Lindsay's grandmother spoke to the court on Lindsay's behalf. Lindsay apologized to "everybody" that he let down, including the victims. Lindsay said that he took "complete responsibility for everything." Lindsay said that he was not trying to make excuses, and that he let down his family. Lindsay stated that he "was going through a rough time," was "very depressed," and "was kind of strung out on drugs" when he committed these offenses. Lindsay stated that he contemplated suicide and was in a very "dark place." He further said that he was "deeply remorseful for everything."

{¶ 20} The court stated that it considered the record, the oral statements made at sentencing, the PSI, the plea negotiations, and the victim impact statements. The court further said that it based its decision upon the overriding principles and purposes of felony sentencing, including protecting the public from future crime and to punish Lindsay using the minimum sanctions to accomplish those purposes. The court stated that it also considered "the need for incapacitation, deterrence, and rehabilitation," and the seriousness and recidivism factors.

{¶ 21} The court imposed the following sentences:

CR-17-622296 — one year for the firearm specification to be served prior to and consecutive to five years for robbery, 18 months for improperly handling a firearm in a motor vehicle, and 18 months for having a weapon while under a disability;

CR-17-622961 —36 months for burglary and 3 years for escape;

CR-18-624793 — 18 months for improperly handling a firearm in a motor vehicle with forfeiture specifications;

CR-18-625947 — 12 months for breaking and entering;

CR-18-627504 — three years for the firearm specification to be served prior to and consecutive to five years for robbery and $251 in restitution to the victim;

CR-18-627844 — four years for burglary;

CR-18-630756 — 12 months for attempted improperly handling a firearm in a motor vehicle with forfeiture specifications and time served for falsification; and

CR-18-632566 — 18 months for burglary and 12 months for drug possession.

{¶ 22} The court ordered that the two robbery counts in CR-17-622296 and CR-18-627504 and their respective firearm specifications be served consecutive to each other and all other charges. The court made the consecutive sentence findings on the record. It further ordered the remaining charges be served concurrent to each other and concurrent to the two robbery counts, for an aggregate sentence of 14 years in prison. It is from the judgments in these cases that Lindsay now appeals.

## II. Jointly Recommended Sentencing Range

{¶ 23} In his sole assignment of error, Lindsay argues that the trial court failed to set forth any reasons for its sentence. Doing so, he contends, was an abuse of discretion.

{¶ 24} Our review of agreed sentences is limited by R.C. 2953.08(D)(1), which states:

A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge.

{¶ 25} As the Ohio Supreme Court stated, "if a jointly recommended sentence imposed by a court is 'authorized by law,' then the sentence 'is not subject to review.'" *State v. Sergent*, 148 Ohio St.3d 94, 2016-Ohio-2696, 69 N.E.3d 627, ¶ 15. This court and others have held that "[t]he same logic can be applied to jointly recommended sentencing ranges that are authorized by law[.]" *State v. Grant*, 2018-Ohio-1759, 111 N.E.3d 791, ¶ 33 (8th Dist.); *see also State v. Brown*, 1st Dist. Hamilton Nos. C-170713 and C-170714, 2019-Ohio-1455, ¶ 2; *State v. Ramsey*, 5th Dist. Licking No. 16-CA-91, 2017-Ohio-4398, ¶ 15-17; *State v. Connors*, 2d Dist. Montgomery No. 26721, 2016-Ohio-3195, ¶ 4; *State v. Scurles*, 6th Dist. Lucas Nos. L-07-1108 and L-07-1109, 2008-Ohio-2480, ¶ 7-9 (all finding sentence imposed within a jointly recommended sentencing range that was authorized by law was not subject to review on appeal).

{¶ 26} It is undisputed that in this case, the trial court sentenced Lindsay within the jointly recommended sentencing range. As we stated, the fact that Lindsay "agreed to a sentencing range or sentencing cap, as opposed to a specific sentence, is immaterial." *Grant* at ¶ 23. Therefore, the only question for review is whether the 14-year consecutive sentence was authorized by law. A sentence is "authorized by law," and thus not reviewable on appeal, "'if it comports with all

mandatory sentencing provisions.'" *Sergent* at ¶ 26, quoting *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923.

{¶ 27} The Ohio Supreme Court held in *Sergent* that in the context of a jointly recommended sentence that includes nonmandatory consecutive sentences, a trial court is not required to make the findings set forth in R.C. 2929.14(C)(4). *Id.* at ¶ 43. Here, the parties jointly recommended an aggregate sentence between 10 and 16 years. Even the minimum number of ten years required the trial court to impose consecutive sentences because Lindsay did not plead guilty to any first-degree felony offenses. He did plead to several second-degree felonies of which the sentencing range is two to eight years. R.C. 2929.14(A). But again, the trial court could not have met the minimum of ten years without ordering that some of the offenses be served consecutive to one another. Thus, Lindsay agreed to a sentence that included nonmandatory consecutive sentences. Therefore, the trial court was not required to make the consecutive-sentence findings under R.C. 2929.14(C)(4) in this case — but we note that it did make those findings at the sentencing hearing and and placed them in the sentencing entries.

{¶ 28} We further note that the sentences for all counts were within the statutory ranges for each offense and otherwise complied with all mandatory sentencing provisions. Therefore, Lindsay's sentences were authorized by law and are not reviewable.

{¶ 29} Even if we were to review Lindsay's sentences, he would lose. Lindsay argues that the trial court abused its discretion because it failed to give any reasons

for the sentence it imposed for each count. He maintains that without giving reasons for a particular sentence, a trial court cannot meaningfully review the sentence. There is one big issue, however, with Lindsay's arguments. R.C. 2953.08(G)(2) prohibits an appellate court from applying the abuse-of-discretion standard when reviewing a felony sentence. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 22, citing R.C. 2953.08(G)(2). Thus, Lindsay's arguments that the trial court abused its discretion are without merit.

{¶ 30} Accordingly, we overrule Lindsay's sole assignment of error.

{¶ 31} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

MARY J. BOYLE, PRESIDING JUDGE

FRANK D. CELEBREZZE, JR., J., and
LARRY A. JONES, SR., J., CONCUR