[Cite as *State v. Alvarez*, 2020-Ohio-5183.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,            :

                               No. 109148

    v.                                    :

ISRAEL ALVAREZ,                         :

    Defendant-Appellant.           :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** November 5, 2020

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-17-614708-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Brian R. Radigan, Assistant Prosecuting Attorney, *for appellee.*

Edward M. Heindel, *for appellant.*

MARY J. BOYLE, P.J.:

{¶ 1} Defendant-appellant, Israel Alvarez, appeals his convictions. He raises one assignment of error for our review:

> The guilty plea of Alvarez was not made knowingly, intelligently, and voluntarily with a full understanding of the consequences of the plea.

{¶ 2} Finding no merit to his assignment of error, we affirm the trial court's judgment.

## I.  Procedural History and Factual Background

{¶ 3} Alvarez was indicted in March 2017, on five counts:  aggravated vehicular homicide in violation of R.C. 2903.06(A)(1)(a), a second-degree felony, with a peace officer specification[1] (Count 1); aggravated vehicular homicide in violation of R.C. 2903.06(A)(2)(a), a third-degree felony, with a peace officer specification (Count 2); driving while under the influence of alcohol or drugs in violation of R.C. 4511.19(A)(1)(a), a first-degree misdemeanor (Count 3); failure to stop after an accident in violation of R.C. 4549.02(A), a third-degree felony (Count 4); and drug possession in violation of R.C. 2925.11(A), a fifth-degree felony (Count 5).  Alvarez pleaded not guilty to all charges.

{¶ 4} The charges arose from the death of a Cleveland police officer, Officer David Fahey, on January 24, 2017, as he was setting up flares on I-90 westbound, between Warren Road and McKinley Avenue, to divert traffic away from a car accident.  Around 6:00 a.m., a witness who was driving on I-90 saw a white Toyota Camry, driving above the speed limit, swerve into the left lane and hit Officer Fahey.  The Toyota left the scene, but the witness observed part of its license plate.  A dispatcher sent a message to area law enforcements describing the Toyota and

---

[1] Aggravated vehicular homicide, when the victim is a peace officer who has suffered serious physical harm, carries with it a specification for a mandatory five-year prison term, to be served prior and consecutively to the underlying sentence for aggravated vehicular homicide.  R.C. 2941.1414(A); R.C. 2929.14(B)(5).

telling them to "be on the lookout" for it. Later that morning, a U.S. Homeland Security Special Agent located a white Toyota Camry that matched the partial license plate in the driveway of a house in Lorain. The front of the vehicle had extensive damage, and remnants of a police raincoat were on the hood and windshield. A Lorain SWAT team surrounded the house until they could obtain a warrant to enter. Around 11:40 a.m., the SWAT team saw movement in an upstairs window and called to the resident. Alvarez came out of the house, admitted to driving the vehicle on I-90 earlier that day, and thought he had hit something in the median. Later that day, Alvarez's blood tested positive for cocaine and marijuana. The medical examiner's office found a bag of cocaine in the Toyota, and DNA on the bag matched Alvarez's DNA.

{¶ 5} In October 2018, over a year after he was indicted, Alvarez agreed to enter a negotiated plea. At the plea hearing, the state offered to dismiss Count 1 in exchange for Alvarez pleading guilty to Counts 2 through 5 and agreeing to a sentence of no less than eight years and no more than twelve years. Alvarez accepted the offer. At the plea hearing, the trial court informed Alvarez that he would be giving up his constitutional rights by pleading guilty, including the rights to a jury and/or bench trial, to confront witnesses, to compel witnesses, to have the state prove his guilt beyond a reasonable doubt, and to remain silent and not to testify. The trial court asked Alvarez if he understood that he was giving up those constitutional rights, and Alvarez responded that he understood.

{¶ 6} The trial court explained to Alvarez the charges against him and the minimum and maximum sentences he faced for each count. The trial court told Alvarez that he and the state had proposed a prison sentence of no less than eight years and no more than twelve years, and that the trial court intended to sentence him within that proposed range.

{¶ 7} Alvarez confirmed that no threats or promises had been made to induce him to enter the plea, that he was not taking medications, and that he was not under the influence of drugs or alcohol. The trial court informed Alvarez and determined that he understood that by pleading guilty he would be accepting the amended allegations and relieving the state of its burden of proof. The trial court asked Alvarez if he understood that "by entering a plea of guilty, [he was] admitting to the truth of the facts and to [his] full guilt," and Alvarez responded, "yes." Alvarez also told the trial court that he was satisfied with his defense counsel's services. Defense counsel and the state confirmed that they were satisfied the trial court had complied with Crim.R. 11.

{¶ 8} The trial court found that Alvarez was entering his plea knowingly, voluntarily, and intelligently. The trial court accepted Alvarez's guilty pleas and proposed sentencing range, found him guilty of Counts 2 through 5, and dismissed Count 1. The trial court then referred Alvarez for a presentence investigation and mitigation of penalty report.

{¶ 9} In November 2018, the trial court held a sentencing hearing. At the hearing, the trial court heard from the chief of the Cleveland Police Department,

Officer Fahey's mother and his three brothers, and Alvarez. The trial court sentenced Alvarez within the sentencing range that Alvarez and the state proposed, to an aggregate of twelve years in prison: for Count 2, five years for aggravated vehicular homicide and five years for the peace officer specification, to run prior and consecutive to the underlying five years; for Count 3, 180 days and a $375 fine, to run concurrently to Count 2; for Count 4, two years to run consecutively to Count 2; and for Count 5, one year to run concurrently to Count 2. The trial court suspended Alvarez's driver's license for the rest of his life for Count 2's mandatory Class Two driver's license suspension. The trial court also informed Alvarez that after he is released from prison, the Adult Parole Authority will have the discretion to supervise him for up to three years under postrelease control supervision. The trial court explained to Alvarez the consequences if he were to violate the requirements of postrelease control. The trial court waived court costs, and Alvarez received 661 days of jail-time credit.

{¶ 10} Almost a year after his sentencing, in October 2019, Alvarez filed a motion in this court for leave to file a delayed appeal of the trial court's November 2018 sentencing entry, which this court granted.

## II. Reviewability

{¶ 11} Before reaching the assignment of error, we must first determine the reviewability of Alvarez's appeal where he agreed to a sentencing range of no less than eight years and no more than twelve years, and the trial court imposed an aggregate sentence of twelve years.

**{¶ 12}** R.C. 2953.08(D)(1) limits our review of agreed sentences:

> A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge.

R.C. 2953.08(D)(1).

**{¶ 13}** The Ohio Supreme Court has stated that "if a jointly recommended sentence imposed by a court is 'authorized by law,' then the sentence 'is not subject to review.'" *State v. Sergent*, 148 Ohio St.3d 94, 2016-Ohio-2696, 69 N.E.3d 627, ¶ 15. A jointly recommended sentencing range, as opposed to a specific term of incarceration, is a jointly recommended sentence within the meaning of R.C. 2953.08(D)(1). *State v. Williams*, 8th Dist. Cuyahoga No. 109091, 2020-Ohio-4467, ¶ 32; *State v. Smith*, 8th Dist. Cuyahoga No. 108708, 2020-Ohio-3454, ¶ 22; *State v. Lindsay*, 8th Dist. Cuyahoga No. 108276, 2020-Ohio-105, ¶ 25; *State v. Grant*, 2018-Ohio-1759, 111 N.E.3d 791, ¶ 20 (8th Dist.).

**{¶ 14}** There is no dispute that the trial court sentenced Alvarez within the jointly recommended sentencing range. Alvarez does not contend that his sentence is not authorized by law. R.C. 2953.08(D)(1) therefore prohibits us from reviewing Alvarez's sentence. However, Alvarez does not appeal his sentence. Instead, he challenges the validity of his guilty plea. R.C. 2953.08(D)(1) does not prevent us from reviewing whether Alvarez's plea was entered knowingly, intelligently, and voluntarily. *See Williams* at ¶ 20-27 (reviewing the defendant's plea while finding his sentence was unreviewable); *State v. Albright*, 8th Dist. Cuyahoga No. 107632,

2019-Ohio-1998, ¶ 27 (finding that defendant entered plea knowingly, intelligently, and voluntarily even though his sentence was unreviewable).

## III. Effect of Guilty Plea

{¶ 15} In his single assignment of error, Alvarez argues that the trial court failed to substantially comply with Crim.R. 11(C)(2)(b), and that he therefore did not enter his guilty plea knowingly, intelligently, and voluntarily with a full understanding of the rights he was waiving. He contends that (1) the trial court failed to inform him that he could not appeal his sentence, (2) the trial court failed to inform him that by pleading guilty, he would be subject to deportation, and (3) he suffered prejudice because his plea agreement "was not much of a deal."

{¶ 16} A defendant's plea must be entered knowingly, intelligently, and voluntarily for the plea to be constitutional under the United States and Ohio Constitutions. *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). "Ohio Crim.R. 11(C) was adopted in order to facilitate a more accurate determination of the voluntariness of a defendant's plea by ensuring an adequate record for review." *State v. Nero*, 56 Ohio St.3d 106, 107, 564 N.E.2d 474 (1990). The purpose of Crim.R. 11(C) is to require the trial court to convey certain information to a defendant so that he or she can make a voluntary and intelligent decision regarding whether to plead guilty or no contest. *State v. Ballard*, 66 Ohio St.2d 473, 479-480, 423 N.E.2d 115 (1981).

{¶ 17} We review whether the trial court complied with Crim.R. 11(C) de novo. *State v. Cardwell*, 8th Dist. Cuyahoga No. 92796, 2009-Ohio-6827, ¶ 26. In

reviewing the record, appellate courts must consider the totality of the circumstances to determine whether the trial court complied with Crim.R. 11(C). *Id.*

{¶ 18} Specifically, Crim.R. 11(C)(2) states:

In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:

(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶ 19} Trial courts must strictly comply with the provisions concerning the constitutional rights set forth in Crim.R. 11(C)(2)(c) but only substantially comply with the provisions concerning nonconstitutional rights set forth in Crim.R. 11(C)(2)(a) and (b). *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, ¶ 12. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *Nero*, 56 Ohio St.3d at 108, 564 N.E.2d 474.

{¶ 20} Alvarez challenges the trial court's compliance with Crim.R. 11(C)(2)(b) regarding the effect of his guilty plea. Crim.R. 11(B)(1) sets forth the effect of a guilty plea: "The plea of guilty is a complete admission of the defendant's guilt." The trial court must have substantially complied with Crim.R. 11(C)(2)(b)'s requirement to inform and determine that Alvarez understood that by pleading guilty he would be making a complete admission of his guilt.

{¶ 21} Moreover, a defendant who challenges his or her plea on the basis that it was not knowingly, intelligently, and voluntarily entered must demonstrate prejudice. *Id.* at 108. A "failure to comply with nonconstitutional rights will not invalidate a plea unless the defendant thereby suffered prejudice." *Griggs* at ¶ 12. "The test for prejudice is 'whether the plea would have otherwise been made.'" *Id.*, quoting *Nero* at 108.

{¶ 22} Alvarez first argues that he did not understand the effect of his guilty plea because the trial court failed to inform him that he could not appeal his sentence imposed within the jointly recommended sentencing range of no less than eight years and no more than twelve years. In *State v. Thomas*, 8th Dist. Cuyahoga No. 94788, 2011-Ohio-214, we held that a defendant's plea was valid even though the trial court did not inform him that he could not appeal his jointly recommended sentence. We explained that "Crim.R. 11(C)(2) does not require the trial court to inform a defendant that by pleading guilty, he or she is waiving his or her right to appeal a jointly-agreed sentence under R.C. 2953.08(D)(1)." *Thomas* at ¶ 31. Alvarez asks this court to overrule *Thomas* because "plea bargaining has changed

since *Thomas* was decided." He cites to *Grant*, 2018-Ohio-1759, 111 N.E.3d 791, at ¶ 15, in which this court explained that "the number of trials has reduced over the past decade" and that there are an increasing number of negotiated pleas "involving sentencing." Alvarez argues that there is a "dubious" difference between a sentenced imposed pursuant to a statutory sentencing range and a sentence imposed pursuant to an agreed range, and that trial courts should advise defendants that they cannot appeal a sentence imposed within an agreed range.

{¶ 23} We decline to overrule *Thomas*. Crim.R. 11(C)(2) does not contain any language requiring a trial court to inform defendants of their appellate rights, or lack thereof, before accepting a plea. There is also an important distinction between statutory sentencing ranges and agreed sentencing ranges. As we explained in *Grant*, agreed sentencing ranges are "negotiated agreements based on a quid pro quo arrangement where each side gives up something in exchange for being bound by the terms of the agreement." *Id.* at ¶ 18. "We cannot permit a defendant to agree to a term of imprisonment, whether expressed specifically or within a range, in exchange for lesser charges or having some charges dismissed, only to turn around and challenge that very agreement on appeal." *Id.* Furthermore, despite the decrease in trials and increase in negotiated sentencing agreements since we decided *Thomas* in 2011, our holding in *Thomas* is consistent with more recent cases from this court and other districts. *See, e.g., State v. Johnson*, 8th Dist. Cuyahoga No. 108661, 2020-Ohio-2826, ¶ 17 ("The trial court was not required to inform [defendant] of his appellate rights at the plea hearing."); *State v. Reynolds*, 12th

Dist. Madison No. CA2018-02-005, 2018-Ohio-4942, ¶ 12 ("The failure to inform a defendant that a guilty plea waives certain rights on appeal is not one of the specifically enumerated rights the trial court is required to discuss during the Crim.R. 11 colloquy.").

{¶ 24} Alvarez also contends that the trial court's failure to inform him that he could not appeal his sentence violated Crim.R. 32(B)(2). Crim.R. 32(B)(2) provides that "[a]fter imposing sentence in a serious offense, the court shall advise the defendant of the defendant's right, where applicable, to appeal or to seek leave to appeal the sentence imposed." However, "[a] trial court's duty to advise a defendant of his or her right to appeal does not arise until sentencing and, therefore, has no effect upon whether the defendant's guilty plea was entered knowingly, voluntarily, and intelligently." *State v. Meredith*, 9th Dist. Summit No. 25198, 2011-Ohio-1517, ¶ 6; *see also Johnson* at ¶ 13 ("A trial court's duty to advise a defendant of his or her right to appeal does not arise until sentencing and, therefore, has no effect upon whether the defendant's guilty plea was entered knowingly, voluntarily, and intelligently."); *State v. Barr*, 8th Dist. Cuyahoga No. 96907, 2011-Ohio-6651, ¶ 10 ("[T]he trial court's failure to comply with Crim.R. 32(B)(2) and (3) has no bearing on whether Barr's plea was knowingly, intelligently, or voluntarily made."); *State v. Finch*, 5th Dist. Licking No. 11 CA 6, 2011-Ohio-4273, ¶ 26 (trial court's duty to notify defendant regarding right to appeal "is not a requirement to be performed prior to the acceptance of a plea and has no bearing on whether the plea was knowingly, intelligently or voluntarily made"); *State v. Herbert*, 7th Dist. Jefferson

No. 19 JE 0003, 2019-Ohio-5092, ¶ 10 ("Crim.R. 11 details the advisements that must be given to a defendant at a plea hearing, whereas Crim.R. 32 provides the advisements that must be made to a defendant at a sentencing hearing.").

{¶ 25} Even if we agreed that the trial court failed to substantially comply with Crim.R. 11(C)(2)(b) by failing to inform Alvarez that he could not appeal his sentence, Alvarez did not prove that he was prejudiced by the court's failure. Alvarez argues that agreeing to the sentencing range "was not much of a deal" because he received a prison sentence "of only one year less than if he had gone to trial" on Count 1 alone. However, in addition to a potential sentence of thirteen years for Count 1, if Alvarez had gone to trial on all counts, he would have been exposed to an additional nine years of potential prison time. Without Count 1, Alvarez faced six to fourteen years in prison, but the agreed sentencing range of eight to twelve years was part of the negotiated plea agreement to dismiss Count 1. Regardless, Alvarez told the presentence investigator that he pleaded guilty to receive a shorter sentence, and Alvarez does not claim that he would not have pleaded guilty had the trial court better informed him of the effect of his plea and explained that he could not appeal his sentence.

{¶ 26} Next, Alvarez argues that the trial court violated Crim.R. 11(C)(2)(b) because it failed to inform him that by pleading guilty, he could be deported. Pursuant to R.C. 2943.031(A) and (B), a trial court must inform the defendant that pleading guilty may cause deportation, unless the defendant states in a written form or orally on the record that he or she is a U.S. citizen. However, to invalidate a guilty

plea based on the trial court's failure to comply with R.C. 2943.031(A), the defendant must demonstrate prejudice and show that he or she is not a U.S. citizen. R.C. 2943.031(D); *State v. Francis*, 104 Ohio St.3d 490, 2004-Ohio-6894, 820 N.E.2d 355, ¶ 45. Here, Alvarez did not state in a written form or orally on the record whether he is a U.S. citizen, and the trial court failed to inform him that pleading guilty may lead to deportation. However, Alvarez does not show or even allege that he is not a U.S. citizen or that he was prejudiced by the trial court's failure to comply with R.C. 2943.031(A). To the contrary, the presentence investigation report states that Alvarez was born in Lorain, Ohio.

{¶ 27} Accordingly, we overrule Alvarez's only assignment of error.

{¶ 28} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's convictions having been affirmed, any bail pending is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, PRESIDING JUDGE

FRANK D. CELEBREZZE, JR., J., and
RAYMOND C. HEADEN, J., CONCUR