[Cite as *State v. Hernandez*, 2020-Ohio-5335.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | No. 109288 |
| v. | : | |
| JOSE HERNANDEZ, | : | |
| Defendant-Appellant. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** November 19, 2020

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-18-629737-A

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Brandon A. Piteo, Assistant Prosecuting Attorney, *for appellee.*

Paul Mancino, Jr., *for appellant.*

MARY J. BOYLE, P.J.:

{¶ 1} Defendant-appellant, Jose Hernandez, appeals his sentence. He raises one assignment of error for our review:

> Defendant was denied due process of law [when] the court failed to consider the purposes and principles of a felony sentencing when it sentenced defendant to a maximum term of imprisonment.

{¶ 2} Because Hernandez and the state jointly proposed a sentencing range, and the trial court sentenced Hernandez within that jointly recommended range, we cannot review his assignment of error challenging his sentence. We therefore affirm the trial court's judgment.

{¶ 3} In July 2019, Hernandez and the state negotiated a plea and sentence, and Hernandez pleaded guilty to four counts of drug trafficking (cocaine) in violation of R.C. 2925.03(A)(1), first-degree felonies, each with a schoolyard specification. Pursuant to the negotiated plea, Hernandez agreed to a sentence of no less than six years and no more than nine years. In October 2019, the trial court sentenced Hernandez within the jointly recommended range: nine years on each count, to run concurrently to each other, for an aggregate prison term of nine years. The trial court also imposed a $10,000 fine, a mandatory five years of postrelease control, and assessed court costs against Hernandez. In December 2019, Hernandez filed a motion in this court for leave to file a delayed appeal of the trial court's sentencing entry, which this court granted.

{¶ 4} In his sole assignment of error, Hernandez argues that the trial court failed to consider the factors in R.C. 2929.11 and 2929.12 when it imposed the maximum possible sentence within the jointly recommended sentencing range.

{¶ 5} R.C. 2953.08(D)(1) limits our review of agreed sentences:

A sentence imposed upon a defendant is not subject to review under this section if the sentence is authorized by law, has been recommended jointly by the defendant and the prosecution in the case, and is imposed by a sentencing judge.

R.C. 2953.08(D)(1). "If a jointly recommended sentence imposed by a court is 'authorized by law,' then the sentence 'is not subject to review.'" *State v. Sergent*, 148 Ohio St.3d 94, 2016-Ohio-2696, 69 N.E.3d 627, ¶ 15. A jointly recommended sentencing range, as opposed to a specific term of incarceration, is a jointly recommended sentence within the meaning of R.C. 2953.08(D)(1). *State v. Williams*, 8th Dist. Cuyahoga No. 109091, 2020-Ohio-4467, ¶ 32; *State v. Smith*, 8th Dist. Cuyahoga No. 108708, 2020-Ohio-3454, ¶ 22; *State v. Lindsay*, 8th Dist. Cuyahoga No. 108276, 2020-Ohio-105, ¶ 25; *State v. Grant*, 2018-Ohio-1759, 111 N.E.3d 791, ¶ 20 (8th Dist.).

{¶ 6} The Ohio Supreme Court has held that a sentence is "authorized by law" pursuant to R.C. 2953.08(D)(1) "only if it comports with all mandatory sentencing provisions." *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, ¶ 20. The court distinguished between mandatory sentencing provisions and provisions that call for the court's discretion:

> Our holding does not prevent R.C. 2953.08(D)(1) from barring appeals that would otherwise challenge the court's discretion in imposing a sentence, such as whether the trial court complied with statutory provisions like R.C. 2929.11 (the overriding purposes of felony sentencing), 2929.12 (the seriousness and recidivism factors), and/or 2929.13(A) through (D) (the sanctions relevant to the felony degree) or whether consecutive or maximum sentences were appropriate under certain circumstances.

*Id.* at ¶ 22.

{¶ 7} Therefore, pursuant to R.C. 2953.08(D)(1), if a jointly recommended sentence imposed by a sentencing judge complies with all mandatory sentencing

provisions, we cannot review whether the trial court properly considered the factors in R.C. 2929.11 and 2929.12. *See State v. Ortiz*, 9th Dist. Lorain No. 19CA011498, 2020-Ohio-4013, ¶ 11 (appellant "is barred from challenging the [jointly recommended] sentence on the basis that it failed to comply with R.C. 2929.11"); *State v. Hooks*, 6th Dist. Lucas No. L-19-1105, 2020-Ohio-1652, ¶ 6-11 (declining to address whether the trial court properly considered the factors in R.C. 2929.11 and 2929.12 because the sentence was jointly recommended, authorized by law, and imposed by a sentencing judge); *State v. Riggs*, 5th Dist. Tuscarawas No. 2018 AP 02 0011, 2018-Ohio-3552, ¶ 18 (appellant's argument that the trial court erred in applying R.C. 2929.11 was not reviewable pursuant to R.C. 2953.08(D)(1)).

{¶ 8} Here, our review of the record shows that the trial court properly imposed a prison term within the jointly recommended sentencing range and fulfilled the mandatory sentencing provisions. Hernandez agreed to a sentencing range of six to nine years, and the trial court sentenced him within this range to an aggregate of nine years. His sentences of nine years per count to run concurrently to one another are also consistent with the statutory sentencing range of three to eleven years for a first-degree felony. R.C. 2929.14(A)(1)(a). Without the agreed sentence, Hernandez would have been exposed to a potential 11 years in prison if all counts were to run concurrently, and a potential 44 years in prison if the trial court decided to impose consecutive sentences. R.C. 2953.08(D)(1) prohibits us from reviewing Hernandez's sentence, and his appeal that the trial court erred in applying R.C. 2929.11 and 2929.12 is not properly before us to review.

**{¶ 9}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY J. BOYLE, PRESIDING JUDGE

SEAN C. GALLAGHER, J., CONCURS;
KATHLEEN ANN KEOUGH, J., CONCURS IN JUDGMENT ONLY WITH SEPARATE OPINION

KATHLEEN ANN KEOUGH, J., CONCURRING IN JUDGMENT ONLY:

**{¶ 10}** I respectfully concur in judgment only. I agree with the majority's statement that a jointly recommended sentencing range, as opposed to a specific term of incarceration, is a jointly recommended sentence within the meaning of R.C. 2953.08(D)(1). (Majority Opinion, ¶ 5.) However, the cases cited by the majority for this proposition — *State v. Williams*, 8th Dist. Cuyahoga No. 109091, 2020-Ohio-4467; *State v. Smith*, 8th Dist. Cuyahoga No. 108708, 2020-Ohio-3454; *State v. Lindsay,* 8th Dist. Cuyahoga No. 108276, 2020-Ohio-105; and *State v. Grant*, 2018-Ohio-1759, 111 N.E.3d 791 (8th Dist.) (Keough, J., dissenting) — also find that where a defendant agrees to a jointly recommended sentencing range, the trial court

is permitted to impose nonmandatory consecutive sentences, even where the defendant did not agree to consecutive sentences, and any review of the consecutive sentences is prohibited by R.C. 2953.08(D)(1). *Williams*, *Smith*, and *Lindsay* cite *Grant* as support for this proposition of law, where it was first announced.

{¶ 11} My dissent in *Grant* sets forth my reasons for disagreeing with this proposition of law. *Grant* at ¶ 49-62. I find that where a defendant agrees to a sentencing range but does not expressly agree to the imposition of nonmandatory consecutive sentences, and the trial court imposes nonmandatory consecutive sentences, the sentence is not an agreed-upon sentence and review of the sentence is not prohibited by R.C. 2953.08(D)(1).

{¶ 12} This case does not involve consecutive sentences. The trial court sentenced Hernandez to concurrent sentences within the jointly agreed sentencing range, and accordingly, appellate review is precluded by R.C. 2953.08(D)(1). I concur in judgment only, however, because of the majority's reliance on *Williams*, *Smith*, *Lindsay*, and *Grant*.